GEORGE L. PATTERSON *vs.* CHARLES P. HEMENWAY & others.

Suffolk.   November 14, 1888. — November 28, 1888.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Personal Injuries — Elevator Well — Negligence — Due Care — Exceptions.*

At the trial of an action for personal injuries occasioned to a boy by falling into an unguarded elevator well, there was evidence that the elevator consisted of a platform connected by two uprights, with a crossbeam bearing the inscription, " This elevator is for freight only, not for passengers "; that he had repeatedly used it without invitation in doing errands to the top of the building, and had never found any one at the elevator who operated it; that, after having been

told twice by persons employed at the top of the building not to use it, he went to it on the day of the accident, intending to go to the top, and found no one upon it; that he used the elevator, closing the door leading from the well at the top floor behind him; that he knew that any one below wishing to use it could do so by lowering it by means of a rope operating it; that five minutes later, after doing an errand, he went back to the door in a great hurry and opened it; that, upon hearing some one speak to him, he turned around quickly towards the speaker, and, without looking at the elevator well, stepped out into it; and that, the elevator having meanwhile been lowered, he fell and was injured. *Held*, that the boy was guilty of such contributory negligence as to preclude him from maintaining an action for the injury.

Exceptions were taken at the trial to the exclusion of evidence which did not bear upon the question whether the plaintiff was in the exercise of due care. *Held*, that the exceptions became immaterial.

TORT for personal injuries occasioned to the plaintiff by falling down an unguarded elevator well in a building on Sudbury Street in Boston. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, which, so far as material, was as follows.

On the issue as to whether the plaintiff was in the exercise of due care, evidence was introduced tending to prove the following facts. The elevator well was situated in a building numbered 62 Sudbury Street in Boston, of which one of the defendants was admitted to be the lessee, with the privilege of subletting, the other defendants, as trustees, being the owners. A passageway led to the rear of the building from that street, across which was a gate, which was closed at sunset and opened in the morning. An entrance to the rear of the building, about two feet above the level of this passageway, connected the passageway with the well, which extended thence to the top, and was enclosed on all sides, with doors opening out upon the different floors of the building. The elevator consisted of a platform, attached by means of posts seven feet long to a cross-beam painted dark, to which the hoisting rope was attached, and which bore this inscription in large white letters: " This elevator is for freight only, not for passengers." The elevator was operated by means of wire ropes alongside it, which were connected with the power and extended from the top to the bottom of the well, within reach of a person thereon, or standing at either of the doors opening out of the well. There was a double door at the level of the upper floor, opening into a room occupied by the Kimball Manufacturing Company, one leaf of

which was fastened by bolts at the top and bottom, and the other leaf by a spring bolt at the top only, to which was attached, for the purpose of opening it, a cord of two strands, one hanging down within the room, and the other, passing through a hole in the door, hanging down the well.

The plaintiff, a boy of twelve and a half years of age, testified that he was employed by one Whittier, and had been sent by him many times upon errands to the Kimball Manufacturing Company. He had used the elevator almost invariably after discovering its existence, and twice had been told by persons connected with that company not to use it. It was his practice to get upon the elevator, start it by pulling the hand rope, stop it by the hand rope when at the room, pull down the bolt by pulling the cord, push open the door, and step off into the room, leaving the elevator there, and do his errand. After doing his errand, he would go back to the door, draw down the bolt, pull open the door, get upon the elevator and start it down, stop it at the bottom, and go away. He never found any one who operated the elevator, and never found any barrier or gate to prevent his going upon the elevator at the bottom.

On the day of the accident, the plaintiff, having been sent by Whittier to the Kimball Manufacturing Company upon an errand, went to the elevator well, and, finding no one there, entered upon the elevator, started it up, and went to the room of the company. He then pulled down the bolt, pushed open the door, and went into the room, the door closing with a spring. This was about two o'clock in the afternoon. After doing his errand there, which occupied him five minutes and was transacted with the company's book-keeper, at his desk, which was in the centre of the room, he started to go back to his employer, went in a great hurry to the door that shut off the elevator well, opened it, heard some one speak to him, turned around quickly toward the person speaking, did not look at the well or see it, and at the same time, supposing the elevator was there where he had left it, stepped out into the elevator well. The elevator, meantime, had been lowered from where he had left it by some person unknown, and he fell down the well, receiving the injuries.

Much evidence was introduced on the issue whether the

defendants were negligent in failing to guard the well, and the judge, against the plaintiff's objection, excluded various questions to witnesses bearing on that issue; and the plaintiff excepted.

At the close of the evidence, the judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*L. M. Child*, for the plaintiff.

*N. Morse & G. W. Estabrook*, for the defendants.

KNOWLTON, J.  The burden of proof was upon the plaintiff to show that he was in the exercise of due care at the time of the accident for which he seeks to recover.  He was attempting to use an elevator in going to and from the premises of the Kimball Manufacturing Company, which were in the upper story of a building on Sudbury Street in Boston.  The entrance to the elevator at the lower story was from a passageway, having a gate which was regularly kept locked, except during the hours from morning until sunset of each day.  The mode of construction of the elevator, as well as the sign upon it, plainly indicated that it was not designed for use by passengers.  The plaintiff, when going upon errands to the rooms of the Kimball Manufacturing Company, had repeatedly used it without invitation, and on two occasions persons connected with that company had told him not to go upon it.

It is difficult to see what evidence there was that he was in the exercise of proper care in attempting to get upon it at all, on the day of the accident.  But, even if he might have used it without thereby being deemed guilty of negligence, it was his duty while using it to take reasonable precautions for his safety. And it is undisputed that he had never found any one at the elevator who operated it, that there was nobody there when he went upon it on the day of the accident, that he went into the rooms of the Kimball Manufacturing Company and closed the door leading from the elevator well and left the elevator, and that he knew that any one wanting to use it had only to take hold of the rope which operated it, and pull it down to either of the floors below.  After transacting his business, which took five minutes, he went in a great hurry to the door that shut off the elevator well, opened it, heard some one speak to him, turned around quickly towards the person speaking, and, without look-

ing at the elevator well, stepped out into it. The elevator in the mean time had been lowered, as he knew it might be, and he fell and was injured.

His act, as he described it, was one which the general judgment of common men would immediately condemn as negligent, and there was no phase or element of it, nor any circumstance attending it, which indicated the use by him of ordinary care. *Messenger* v. *Dennie,* 137 Mass. 197; *S. C.* 141 Mass. 335. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150; *S. C.* 143 Mass. 470. Upon this ground, the jury were rightly directed to return a verdict for the defendants, and it is unnecessary to consider the questions arising upon the allegations that the defendants were negligent.

The exceptions saved by the plaintiff in relation to the introduction of testimony are also immaterial. None of the evidence to which they relate pertains to the point upon which our decision rests. *Exceptions overruled.*