GEORGE H. BALLOU *vs.* LUCINDA C. COLLAMORE.

Suffolk.   November 22, 1893. — November 29, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Personal Injuries — Elevator — Negligence — Action.*

A., a boy fifteen years old, who was familiar with the elevator and with the back stairs and halls of an apartment hotel, where, during several months, he had been accustomed to deliver goods to various tenants, went to the hotel with goods to be delivered to certain tenants. The elevator was in two parts, the upper part being a passenger elevator, with an opening into it from the front halls only, and the lower part being a freight box, with no door, but with openings into it from both halls; and there was a sliding door to the elevator well which opened on the inside. A. entered the freight box of the elevator as usual, and told the elevator boy that he wanted to stop at certain suites, the first of which was on the fourth floor and the others above that. On the first floor a passenger got into the passenger part of the elevator. When the first suite was reached, the elevator boy stopped the elevator, and told A. that was the floor he wanted. A. opened the door to the elevator well, stepped into the back hall, leaving the goods for the other suites in the freight box, and leaving the door into the elevator well open, and delivered his goods at the back door of the first suite, which was about five feet from the elevator well. The elevator boy went up with the elevator, carrying the passenger. The hall was dark, but when the back door of the suite was open it was light in the hall, and A. could see. A. went back, and, assuming that the elevator was still there, but without looking to see, stepped through the open door and fell to the bottom of the well, and was injured. A. knew that the elevator boy could not shut the door without raising the elevator and getting from the passenger part of it into the freight box and then lowering it to the door. *Held,* that A. could not maintain an action for his injury against the owner of the hotel.

TORT, for personal injuries occasioned to the plaintiff, a boy fifteen years old, by falling into an elevator well in an apartment hotel called the Hoffman House, in Boston, owned by the defendant. Trial in the Superior Court, before *Maynard,* J., who, at the defendant's request, directed the jury to return a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*G. E. Smith,* for the plaintiff.

*S. J. Elder,* (*R. F. Herrick* with him,) for the defendant.

MORTON, J. The plaintiff was familiar with the elevator and with the back stairs and back halls of the hotel. During the four or five months that he had been working for one Hastings

he had delivered goods to various tenants in the hotel from three to five times a day. On the day of the accident he went to the hotel with goods to be delivered to certain tenants. There was an elevator in two parts, the upper part being a passenger elevator, with an opening into it from the front halls only, and the lower part being a freight box, with no door, but with openings into it from both halls. He got into the freight box of the elevator as usual, and told the elevator boy that he wanted to stop at suites 9, 15, and 17, and the boy replied, " All right." Suite 9 was on the fourth floor, and the other suites were above that. On the first floor a passenger got into the passenger part of the elevator. When suite 9 was reached, the elevator boy stopped the elevator and told the plaintiff that was the floor he wanted. There was a sliding door to the elevator well which opened on the inside. The plaintiff opened this door, stepped into the back hall, and thence to the kitchen door of suite 9, which was about five feet from the door of the elevator well, and delivered the goods, leaving the goods for suites 15 and 17 in the freight box, and leaving the door into the elevator well open. The elevator boy, having a passenger, went up with the elevator. The hall was dark ; but when the kitchen door was open it was light in the hall and the plaintiff could see. Assuming that the elevator was still there, the plaintiff went back, and, without looking to see if it was, stepped through the open door and fell to the bottom of the well. The plaintiff knew that the elevator boy could not shut the door without raising the elevator and getting from the passenger part of it into the freight box and then lowering it to the door. It was not possible to see from the passenger part of the elevator into the freight box, and there was no door in the passenger part of the elevator on the side on which was the above door into the elevator well. The plaintiff contends that there is testimony tending to show that the elevator boy sometimes waited for him when there were passengers in the elevator, and that he did not usually shut the door into the elevator well unless told by the elevator boy to do so, and he relies upon this as furnishing some evidence of due care on his part. But he expressly admitted that nothing was said by the elevator boy to him, or by him to the elevator boy, about waiting for him. It was at least as probable that he

would not wait as that he would. Under the circumstances, even for a boy of fifteen to step through the open door into the elevator well without looking to see if the elevator was there was careless. The plaintiff relies upon *Carey* v. *Arlington Mills*, 148 Mass. 338. But in that case the servants of the defendant had fastened back the automatic slides of the elevator, and the court could not say that the plaintiff was not justified in believing that the elevator was on a level with the floor, and in acting on that belief. In this case the plaintiff himself left the door open, and knew or ought to have known that it was at least as probable that the elevator would not be there as that it would. *Taylor* v. *Carew Manuf. Co.* 140 Mass. 150 ; *S. C.* 143 Mass. 470. *Patterson* v. *Hemenway*, 148 Mass. 94. *Gaffney* v. *Brown*, 150 Mass. 479. *Keenan* v. *Edison Electric Illuminating Co.* 159 Mass. 379.                    *Exceptions overruled.*