*J. G. Robinson,* for the defendant.
*B. E. Crowell,* for the plaintiff.

---

JOHN DALEY *vs.* GUSTAVUS KINSMAN & another.

Essex.   November 5, 1902. — November 25, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Negligence,* Contributory.

The plaintiff on a dark night, seeking to go to a tenement on the third floor of the defendant's building and finding the front door locked, went to the back of the building where he never had been before and ascended the back stairs until he reached the last of three successive platforms. Here he walked into an opening, which he thought was a doorway, but which proved to be an elevator well down which he fell and was injured. *Held,* that the plaintiff was not in the exercise of due care.

TORT for injuries from falling down an elevator well in a tenement house of the defendants to which the plaintiff had

gone for his washing, seeking the tenement of one Andrews. Writ dated February 14, 1900.

In the Superior Court *Maynard,* J. ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*D. N. Crowley,* for the plaintiff.

*H. P. Moulton,* (*G. H. W. Hayes* with him,) for the defendants.

HAMMOND, J. It is unnecessary to consider all the grounds of defence, as we do not think that the plaintiff has shown that he was in the exercise of due care.

Before the accident, he had been at the house upon only three occasions, at neither of which had he entered the Andrews tenement. He had gone simply to the front door of the tenement. Between nine and ten o'clock in the evening of September 13, 1899, he went as before to the same front door and found it locked. Without making any inquiries as to the cause for the non-appearance of any one at the door, he went around to the rear of the house for the purpose of trying the back door. He never had been there before, but he saw the three platforms and the stairs leading to the same, and he ascended to the upper platform. It was very dark, and he was in a strange place at quite a late hour in the evening. It does not appear that he saw any light or any other thing whatever to indicate whether there was any one in the tenement. Seeing the entrance to the elevator shaft and apparently making no other examination, he assumed it to be the entrance to the tenement, and walked directly from the head of the stairs and fell into it. Under the circumstances such conduct seems to us negligent. *Campbell* v. *Abbott,* 176 Mass. 246.

*Exceptions overruled.*