[Civ. No. 3277. First Appellate District, Division Two.—March 26, 1920.]

GLOBE INDEMNITY COMPANY (a Corporation), Appellant, v. W. S. HOOK, Jr., et al., Respondents.

[1] NEGLIGENCE—USE OF ELEVATOR—KNOWLEDGE OF DANGER—FAILURE TO TAKE PRECAUTIONS—INJURY—CONTRIBUTORY NEGLIGENCE.—Where an employee of a tenant of a building enters the building on a dark night and, with full knowledge of the danger surrounding the use of the freight elevator, takes no precautions to see that the elevator is at the floor, and at the very time he and his companion enter the well, his companion having raised the gate, they are both looking behind them into the street and he falls to the bottom of the well, he is guilty of such contributory negligence as to bar recovery for injuries received.

---

1. Contributory negligence in stepping into elevator shaft, notes, Ann. Cas. 1914C, 578; 2 L. R. A. (N. S.) 757; 24 L. R. A. (N. S.) 246; L. R. A. 1915E, 731; L. R. A. 1917D, 892.

[2] ID.—EVIDENCE—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW— NONSUIT.—In an action by the surety in subrogation under the provisions of the "Workmen's Compensation, Insurance and Safety Act" to recover damages for negligence on the part of the owners and lessee of a building resulting in the death of an employee of one of the tenants, with which the plaintiff had made a contract of compensation insurance, the employee having fallen into an elevator shaft, if the evidence is of such a nature that no deduction or inference other than that the decedent was guilty of contributory negligence could be drawn, and reasonable minds could not have honestly reached a different conclusion, an order by the trial court granting a motion for a nonsuit is proper.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lewis Cruickshank and Vincent B. Vaughan for Appellant.

Hollzer & Greenberg, Joe Crider, Jr., R. P. Jennings and Jefferson Chandler for Respondents.

NOURSE, J.—This is an appeal from a judgment in favor of defendants following an order granting their motion for nonsuit. Plaintiff sued as surety in subrogation under the provisions of the "Workmen's Compensation, Insurance and Safety Act" [Stats. 1917, p. 831], to recover damages for negligence on the part of the defendants resulting in the death of one Eugene P. Nolan. The decedent was an employee of the Pacific Knitting Mills, with which the plaintiff had made a contract of compensation insurance. Plaintiff had paid the award made by the Industrial Accident Commission to the dependents of decedent.

The facts of the case are: The Pacific Knitting Mills maintained and operated an establishment on the fourth floor of a building situate in the city of Los Angeles and owned by the defendants Hook and leased by the defendant Geo. Rice & Sons. Means of ingress to and egress from the said fourth floor was by way of a passenger elevator and a stairway in the front part of the building and a freight elevator in the rear of the building. The stairway was always open. The passenger elevator in the front of the building was operated

between the hours of 7 A. M. and 5 o'clock P. M., and the freight elevator was used by employees of the company at their convenience. Decedent and one Stewart on the day of the injury entered the rear of the building at about 5:30 P. M. on a dark night on their way to the fourth floor for the purpose of attending to their duties. They approached the elevator shaft, which was without light of any kind, and Stewart raised the gate which guarded the elevator shaft, stuck his foot into the shaft to feel the elevator and continued on down to the bottom of the well, receiving slight injuries. Decedent, who was by his side, followed him immediately into the well and struck the bottom in such a way as to receive injuries which resulted in his death. Neither party made any effort to ascertain whether the elevator was at the ground floor other than as just stated. Both were looking back at the time they stepped into the well, and both were thoroughly familiar with the danger which they assumed. Stewart, who was the only eye-witness to what occurred, testified in part as follows: That his automobile was standing in the street directly in front of the freight elevator, and he went to the automobile and turned the dimmers down; that he and decedent reached the elevator at the same time and he reached down and raised the gate of the elevator; that at that time there were no lights in the elevator nor street lights in the vicinity to light up the elevator shaft. "I reached down and pulled the gate up and stuck my foot in to feel if the elevator was there, and just as I did that he [decedent] spoke to me and said, 'Your lights are not on.' . . . And instinctively as he said that, although I knew the lights were on, I turned around to look; and then just a subconscious thought, whatever it was, I had in my mind to step in there, and I stepped in. All I thought was, all the way down, 'This elevator is a long way below the floor,' because it never stopped right at the floor. . . . The elevator was above instead of below. . . . We both stepped in together into the shaft." The same witness testified that they could have entered the front door and walked up the front stairs; that though the elevator in the rear was for freight, it had been used by employees of the knitting-mills as a passenger elevator for about three years prior to the accident; that though the freight elevator was frequently at or near the ground floor,

it was often either in the basement or at one of the upper floors; and that both he and decedent had frequently been required to pull the cable in order to bring the elevator up or down to the ground floor, but in the night-time "generally from an upper floor down; in fact, always. I don't know of a case where I raised the elevator from the basement after dark."

The testimony of the witness Stewart was the only evidence offered by plaintiff showing the circumstances under which the accident occurred. There is, therefore, no conflict in the evidence in this particular. The only point urged upon appeal requiring consideration is whether this evidence presented such a case of contributory negligence on the part of decedent as to justify the trial court in taking the case from the jury, it being conceded that the same principles of law as to contributory negligence are applicable to a surety suing in a case of this nature as are applicable in a case brought directly by the one injured or his legal representatives.

[1] From the evidence it appears that decedent knew of the danger and assumed the risk without taking any precautions or care to avoid injury. No explanation is given to account for his conduct. Reasonable prudence would require anyone approaching a place of known danger to use some care, at least, for his own safety. But the evidence here is not only that decedent stepped into the elevator-well without attempting to ascertain whether the elevator was at the floor, but that at the very time he and his companion entered the well they were both looking behind them into the street. One may not thus heedlessly disregard the ordinary precautions which prudence would require to be taken for his own safety.

[2] From this statement of the evidence the propriety of the nonsuit is apparent. As the supreme court said in *Loftus* v. *Pacific Elec. Ry. Co.*, 166 Cal. 464, 467, [137 Pac. 34, 35]: "Ordinarily, of course, the question whether a plaintiff has been guilty of contributory negligence is one of fact for the jury. It becomes a question of law for the decision of the court only where the facts are undisputed, and, even then, only where, on those facts, reasonable minds can draw but one conclusion on the issue of plaintiff's negligence." And again, in *Kauffman* v. *Machin Shirt Co.*, 167 Cal. 506,

511, [140 Pac. 15] : "It is true that ordinarily the question of contributory negligence is one largely of fact for the consideration of the jury, but where the standard of conduct required of persons under given circumstances has been plainly neglected by the person seeking relief, it then becomes a question of law." (*McGraw* v. *Friend etc. Lumber Co.*, 120 Cal. 574, 579, [52 Pac. 1004].)

The evidence here is of such a nature that no deduction or inference other than that the decedent was guilty of contributory negligence could be drawn, and reasonable minds could not have honestly reached a different conclusion. For these reasons the order of the trial judge granting the motion to nonsuit plaintiff was proper and the judgment is accordingly affirmed.

Langdon, P. J., concurred.

Mr. Justice Brittain, deeming himself disqualified to act in this case, did not participate in its determination.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 20, 1920.

All the Justices concurred.