[Civ. No. 4082. Third Appellate District.—November 10, 1930.]

A. T. MUNOZ et al., Respondents, v. ANNA E. KENNEDY et al., Appellants.

464

 

 

 

Len H. Honey for Appellants.

Everett M. Glenn and Downey & Chester for Respondents.

MR. JUSTICE Pro Tem. TUTTLE Delivered the Opinion of the Court.—This is an action brought to recover damages for personal injuries received in an automobile accident. The court, sitting without a jury, gave judgment for plaintiffs, and this appeal is taken from the judgment.

Two grounds are relied upon for a reversal. The first is, that the court erred in denying a motion for a nonsuit, based upon the contributory negligence of plaintiffs. The second is, that the finding of the court that defendant was negligent is not supported by the evidence.

From the record it appears that on January 29, 1929, James Allen Joy, fourteen years of age, was driving an automobile in a northerly direction on the highway, near Arbuckle, California. His sister, Althea, aged twenty, was with him. His car was a very old one. It had formerly been a taxicab, and was equipped with a box body built in the rear of the cab. It is referred to in the evidence as a "truck", and was traveling at a speed of some twenty miles per hour. Defendant Kennedy was the owner of a Chrysler coupe which was being driven by defendant Moulton. Miss Kennedy and her grandmother were passengers. The coupe was equipped with a rear view mirror, and the window upon the driver's side was open. The third car involved was being driven by plaintiff A. T. Munoz, who was accompanied by his wife (plaintiff Daisy V. Munoz) and their small child.

As the truck was moving along the highway the coupe approached from the rear and moved into a position some twenty-five feet behind the truck. Plaintiffs' car now also came up from the rear, at a speed of some thirty-five miles per hour. When about fifty feet away the driver of plaintiffs' car sounded his horn and started to pass both the

car and truck. When the front wheels of plaintiffs' car were opposite the rear wheels of defendants' car, the latter turned out suddenly to the left and across the path of plaintiffs. In order to avoid a collision, plaintiffs' driver was compelled to leave the highway and run upon loose gravel, where his car skidded and ran into a bank, resulting in serious and permanent injuries to Mrs. Munoz. It was admitted by the driver of defendants' car that she did not look into the rear view mirror before attempting to turn out. The occupants of the truck testified that they heard but one signal given from the rear. They were unable to state which car gave that signal. In view of the fact that plaintiffs testified that their horn was sounded some fifty feet in the rear of the coupe, the trial judge could reasonably have inferred that defendants gave no signal when they attempted to pass the truck.

■ It is first urged that the court erred in denying the motion for a nonsuit, for the reason that the evidence shows that plaintiffs were guilty of contributory negligence. It is also contended that the finding of the court that plaintiffs were not guilty of contributory negligence is without any support in the evidence. ■ The burden of proof upon this issue rests upon defendant. (19 Cal. Jur. 698.) ''Ordinarily the question whether a plaintiff has been guilty of contributory negligence is one of fact for the jury. It becomes a question of law for the decision of the court only where the facts are undisputed, and even then, only where, on those facts, reasonable minds can draw but one conclusion on the issue of plaintiff's negligence.'' (*Globe Indemnity Co.* v. *Hook,* 46 Cal. App. 700 [189 Pac. 797,. 798].) The argument of appellant is ''that plaintiff could have applied his brakes and continued on the pavement behind defendants' car, or could have slackened his speed and proceeded upon the dirt and gravel at the side of the road in a safe fashion, where there was ample room for the passage of an automobile''. It is well established that negligence is not absolute, but always relative to the particular circumstances upon which it is sought to be predicated. We cannot say here as a matter of law that it was the absolute duty of plaintiff to have followed the course here outlined by appellant. It was the peculiar province of the trial court to pass upon this question of fact. It is also contended that

the accident was caused by the excessive speed of plaintiffs' car. There is evidence that plaintiffs were traveling at a lawful rate of speed, and our inquiry ends there. We cannot say, as a matter of law, that the speed at which plaintiffs were traveling was excessive under the circumstances. That was a question of fact, also, for the trial court. Concluding this phase of the case, we might add that the entire argument of appellants is one which might well have been directed toward the trial court upon the facts of the case, but it presents no question of law for the determination of this court. We cannot say, from the facts of the case, that reasonable men can draw but one inference and that an inference pointing unerringly to the negligence of the plaintiff contributing to the injury. (*Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125].)

The other contention made by appellants is that the finding of negligence upon the part of defendants is not supported by the evidence. This point is equally devoid of merit. The driver of defendants' car, without giving the signal required by law (California Vehicle Act, sec. 125, subd. b), [Stats. 1923, p. 517], attempted to pass the truck. Acting thus in violation of the law, she turned directly in the path of plaintiffs, who were in a lawful position upon the highway, and plaintiffs were forced off the highway, where their car went out of control. A finding of negligence upon the part of defendants under such circumstances cannot be disturbed by this court. To hold otherwise would be tantamount to a flagrant usurpation of the functions of the trial court.

No meritorious showing for a reversal having been made, the judgment must be affirmed, and it is so ordered.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 10, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 8, 1931.