RICE *v.* GOODSPEED REAL ESTATE CO.

1. APPEAL AND ERROR—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

In reviewing denial of defendant's motion for judgment *non obstante veredicto,* in action for personal injuries, on ground that plaintiff was guilty of contributory negligence, it is assumed that there was proof of defendant's negligence, and plaintiff's version of contested facts is accepted as settled by verdict of jury.

2. LANDLORD AND TENANT—LIGHTING HALLWAY—NEGLIGENCE.

Landlord is not required to light hallway after regular hours although tenants are permitted to use building and elevator if they so desire, in absence of provision therefor in lease; there being no common-law or statutory duty in regard thereto.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DEGREE OF CARE.

Tenant who was permitted to use elevator after regular hours of closing, and who had been in habit of doing so, was bound to exercise greater degree of care for his own safety when he found vestibule in darkness instead of lighted as was customary.

4. SAME—DUTY TO USE FACULTIES.

One is required to make reasonable use of his faculties of sight, hearing, and intelligence to discover dangerous conditions to which he is or may become exposed.

5. SAME—CONTRIBUTORY NEGLIGENCE.

One who knows or in exercise of ordinary care should have known of existence of danger from which injury might reasonably be anticipated and who by voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved.

6. SAME—MOMENTARY FORGETFULNESS.

Momentary forgetfulness of or inattention to a known danger may, and usually does, amount to negligence.

Right of action for violation of statutory duty of landlord to light halls and stairways, see annotation in L. R. A. 1915E, 545.

Contributory negligence of one stepping into elevator shaft, see annotation in 2 L. R. A. (N. S.) 757; 24 L. R. A. (N. S.) 246; L. R. A. 1915E, 731.

7. Landlord and Tenant—Negligence—Contributory Negligence
—Dark Vestibule.

> Tenant familiar with surroundings, who entered unlighted vestibule for purpose of taking elevator to his office after hours, as was his custom, and who, while attempting to locate elevator cage, fell down elevator shaft, door to which had been left open, was guilty of contributory negligence as matter of law.

Error to Kent; Brown (William B.), J. Submitted January 22, 1931. (Docket No. 60, Calendar No. 35,242.) Decided April 7, 1931.

Case by Clarence F. Rice against Goodspeed Real Estate Company, a Michigan corporation, for personal injuries received from falling down an elevator shaft. Judgment for plaintiff. Defendant brings error. Reversed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Payne & Payne* (*Ward & Strawhecker* and *Dunham, Cholette & Allaben,* of counsel), for defendant.

North, J. In February, 1929, plaintiff rented for use as an office and salesroom certain space on the fifth floor of a business block owned by defendant in Grand Rapids. Plaintiff's business was such that he had occasion at times to go to his office during evening hours. The regular elevator service provided by defendant was from eight a. m. to six p. m. only. Certain of the tenants in the building were provided with keys to the elevator and were permitted to use it after six o'clock. At such times the elevator was operated by the tenants or by their employees. From the early spring of 1929 until the date of this accident, August 2, 1929, plaintiff from time to time had so operated the elevator for his own convenience. About nine o'clock in the evening

of the accident plaintiff entered the building and approached the elevator opening on the first floor intending to use the elevator to go to his office. The entryway and vestibule were unlighted and plaintiff fell through the door to the elevator shaft into the elevator pit 14 feet below. He was seriously injured. He brought this suit against the landlord to recover damages for his injuries, alleging that the defendant was negligent in failing to light the vestibule at the entrance to the elevator and also in permitting the door to the elevator shaft to be left open when the elevator cage was not at that level. Decision of defendant's motion for a directed verdict was reserved. After verdict for plaintiff defendant's motion for judgment *non obstante* and its motion for a new trial were denied. On review by writ of error defendant presents numerous assignments, one of which is that defendant should have had judgment on the ground that plaintiff was guilty of contributory negligence as a matter of law.

In reviewing this phase of the case it will be assumed that there was proof of defendant's negligence, and plaintiff's version of the contested facts will be accepted as settled by the verdict of the jury. In addition to the facts above stated we must accept plaintiff's contention that, like some other tenants in the building, he was permitted by defendant to use this elevator after the regular hours and was furnished a key for that purpose; that on other occasions when he had gone to the building during the evening hours he had always found the vestibule lighted, but on this occasion there was no light in the hallway, which was about 12 feet long and led to the vestibule, nor in the vestibule itself; that plaintiff did not know where or how the electric light was turned on; and that he had never before found the

door to the elevator shaft open or unlocked when the elevator cage was not at that floor. Also that on this occasion, in accordance with his usual custom, as plaintiff approached the elevator opening he was leaning over and looking through a transom and up the elevator shaft, which was about three feet to his left as he entered the vestibule, for the purpose of discovering where the elevator cage was located, and that this could ordinarily be done by reason of the electric light in the cage. While attempting to make this observation, and not knowing that the door to the elevator shaft was open, plaintiff stepped beyond the threshold of the elevator entrance and fell to the bottom of the shaft. Plaintiff's lease provided:

"Party of the first part (the defendant) agrees to furnish heat and elevator service in the ordinary manner as furnished in the regular process of operating the building in common with other tenants. It is also agreed by parties of the second part (plaintiff) that any damages or loss to them caused by fire, water, broken pipes and loss or damages of any other name or nature will be assumed by themselves, and party of the first part will not be held responsible."

As bearing upon the question of his own negligence, plaintiff's testimony contains the following:

"Q. Did you try the elevator door?

"A. No sir, I stooped over to look up the transom.

"Q. You didn't try to look for the elevator door?

"A. No, sir, I didn't look for the elevator door; I looked for the elevator. * * *

"Q. You knew there was a door there?

"A. Yes, sir.

"*Q.* You had operated that elevator before?

"*A.* Yes, sir. * * *

"*Q.* So you knew when you were stopped (stooped) over there to look up the elevator shaft, there was no light there so you could see the door and entrance to the elevator?

"*A.* Yes, sir.

"*Q.* Did you try for the door?

"*A.* No, sir.

"*Q.* Didn't put your hand out to try to see if the door was there in the darkness?

"*A.* No, sir.

"*Q.* Didn't you realize there must be something wrong when it was dark?

"*A.* No, sir.

"*Q.* You never gave that a thought?

"*A.* No, sir.

"*Q.* You just walked into this dark hallway and walked over to the elevator, never tried to see if the door was there, and then attempted to look up the shaft and fell down into the elevator shaft?

"*A.* Yes, sir.

"*Q.* Is that true, witness?

"*A.* That is true that I stooped over to look up for the elevator and fell down the shaft, yes, sir. * * *

"*Q.* You walked over toward the elevator door?

"*A.* Yes, sir.

"*Q.* You did that because you knew the position and location of the elevator door, didn't you?

"*A.* Yes, sir.

"*Q.* And without trying to find out if the elevator door was in place, you walked in deliberately, looked up and fell down the shaft?

"*A.* Yes, and you can look up without going through over to the door.

"*Q.* And you didn't try to find the door by feeling with your hand, did you?

"*A.* No, sir."

Plaintiff knew the location of this elevator shaft. He knew if one walked into it injury would probably follow. If he had walked into the open shaft while the entryway or vestibule was lighted, there could have been no doubt of his negligence in so doing. Instead, as he approached the shaft he found for the first time the premises were in darkness; and obviously it then became his duty to exercise a greater degree of care. His own testimony discloses that he wholly failed to do so, and his misfortune resulted. There is no complaint made that this elevator was not properly installed, in proper repair, or that the doors to the shaft were not properly equipped with locks. Because of his having so used the elevator plaintiff knew that after six p. m. this equipment was operated by others than defendant or its employees. He was bound to know that those using it after the regular operating hours were charged with exercising such care as was necessary for their own safety. In the darkness and knowing the location of the elevator (as stated in his declaration) "plaintiff stepped off and into the elevator shaft." Whether plaintiff was negligent in so doing must be tested in the light of the surrounding circumstances. The lease did not require defendant to light its hallway. There was no common-law duty to do so (*Lindsley* v. *Stern*, 203 App. Div. [N. Y.] 615 [197 N. Y. Supp. 106]); nor are we advised of any such statutory requirement. See *Gleich* v. *Detroit Free Press*, 169 Mich. 247. In his approach to the vestibule and the elevator shaft at a time when plaintiff expected to operate the elevator for his own use, he was obligated to exercise a reasonable degree of care to save himself from injury. We think it conclusively appears from this record that his failure to do so was the proximate cause of his injury.

This is not a case wherein at the time of the accident the elevator either actually or supposedly was in the charge of the defendant or its agents. Nor is it a case where the open door to the elevator in a dimly lighted approach constituted an invitation to enter, as in *Dawson* v. *Sloan,* 49 N. Y. Super. Ct. (17 Jones & S.) 304, aff'd in 100 N. Y. 620. See, also, *Tousey* v. *Roberts,* 114 N. Y. 312 (21 N. E. 399, 11 Am. St. Rep. 655). Plaintiff did not look for a door to this elevator shaft nor use any other means in his possession to locate it or to determine whether it was open or closed. He knew the shaft was there and in the darkness walked into it.

There is almost unlimited authority in adjudicated cases covering the following propositions: (1) One is required to make reasonable use of his faculties of sight, hearing, and of intelligence to discover dangerous conditions to which he is or he may become exposed. (2) One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger is guilty of negligence, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved. (3) Momentary forgetfulness of or inattention to a known danger may, and usually does, amount to negligence. See cases cited in notes of 45 C. J. pp. 947–950, and 957.

"Where the entrance is dark, it would seem that ordinary care would condemn the act of a person who steps into an elevator shaft without satisfying himself that the elevator is there." 9 R. C. L. p. 1258, citing *Bedell* v. *Berkey,* 76 Mich. 435 (15 Am. St. Rep. 370).

We cite below cases somewhat similar to the circumstances here involved in which recovery was denied on the ground of contributory negligence. *Kauffman* v. *Machin Shirt Co.*, 167 Cal. 506 (140 Pac. 15); *Globe Indemnity Co.* v. *Hook*, 46 Cal. App. 700 (189 Pac. 797); *Taylor* v. *DuPont Bldg. Corp.*, 29 Del. 277 (99 Atl. 284); *Parker* v. *Portland Publishing Co.*, 69 Me. 173 (31 Am. Rep. 262); *Ballou* v. *Collamore*, 160 Mass. 246 (35 N. E. 463); *McCarvell* v. *Sawyer*, 173 Mass. 540 (54 N. E. 259, 73 Am. St. Rep. 318); *Daley* v. *Kinsman*, 182 Mass. 306 (65 N. E. 385); *State, ex rel. Cox*, v. *Trimble*, 312 Mo. 322 (279 S. W. 60); *Brudie* v. *Renault-Freres Selling Branch, Inc.*, 138 App. Div. (N. Y.) 112 (122 N. Y. Supp. 963); *Lindsley* v. *Stern, supra; Brenstein* v. *Mattson*, 10 Daly (N. Y.), 336; *Massey* v. *Seller*, 45 Ore. 267 (77 Pac. 397); *Despointes* v. *Almond*, 18 B. C. 578.

In *Murray* v. *Earl*, 282 Pa. 517 (128 Atl. 436), concerning a plaintiff who for six months had been familiar with the building in which he was injured by falling into an elevator shaft, it is said:

"If it was so dark that he could not see, he had other means of ascertaining whether the elevator was there, as, for example, by stepping cautiously and feeling with his foot, as one naturally does when approaching a step in the dark, or by calling to his companions. In such a case the rule applies that 'where the entrance is dark, it would seem that ordinary care would condemn the act of a person who steps into an elevator shaft (knowing its location) without satisfying himself that the elevator is there.'"

In disposing of an elevator case wherein it was held plaintiff's contributory negligence prevented recovery, Chief Justice Campbell, speaking for this court, in substance said:

"A person who pays little heed to his surroundings, and goes hither and thither in an absent-minded manner, or thinking only of some particular object and shutting his eyes to everything else, is guilty of an inattention sometimes dangerous to himself and quite as often to his neighbors, and of a want of that ordinary care which the safety of society requires all sane persons of mature age to exercise, and for which they are civilly responsible." (Syllabus) *Hutchins* v. *Priestly E. W. & S. Co.*, 61 Mich. 252.

See, also, *Bedell* v. *Berkey, supra; Steger* v. *Immen*, 157 Mich. 494 (24 L. R. A. [N. S.] 246). In the case last cited plaintiff opened an unlocked door, stepped into a darkened opening and fell down an elevator shaft, much like plaintiff herein who opened the door from the dimly-lighted outside corridor, stepped into the darkened vestibule, and fell through the opening into the elevator shaft. In the *Steger Case* plaintiff's contributory negligence is pointed out by saying that he "groped his way in the dark, found a closet door, which he opened without taking the trouble of striking a match or making any investigation, and stepped into darkness, which resulted in his injury." In the instant case plaintiff's conduct may be summarized in much the same way. We think the record is such that as a matter of law he must be held to have been guilty of contributory negligence. The judgment of the lower court will be set aside and one entered there in favor of defendant. Defendant will have costs of both courts.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.