Argued March 22; affirmed April 5, 1932

# MacMILLAN *v.* CHRISTENSEN ET AL.

(9 P. (2d) 1034)

*Marvin K. Holland,* of Portland (Robert Shepherd, of Portland, on the brief), for appellants.

*Oren R. Richards,* of Portland (Richards & Richards, of Portland, on the brief), for respondent.

KELLY, J. When the inspection of the interior of said theater was made defendant Munly accompanied plaintiff. The place was dark and plaintiff made use of a flashlight. In attempting to find a stairway to the balcony, plaintiff fell into a hole and was injured. The hole had been left open by the removal of the heating plant and was approximately four feet long, three and one-half feet wide and three and one-half feet deep.

Four assignments of error are presented. In support of three of these assignments, defendants urge that the trial court erred in sustaining objections to certain questions propounded upon cross-examination of plaintiff.

On cross-examination of plaintiff, appealing defendants asked as follows:

"Q. If you had just taken your flashlight and taken a good look at the floor, could you not have seen that hole?

"A. Well, I had looked at the floor—

"Q. How do you explain—"

Objection was interposed and the court said:

"I think you have gone into that far enough, etc."

The witness had testified that he had not seen the hole in the floor, that he had looked at the floor and that he was using a flashlight.

The record does not disclose what it is that would have been supplied if the learned judge had not thus controlled the extent of the cross-examination; hence, no prejudicial error is shown.

■ An objection was sustained to the following question asked in cross-examination of plaintiff:

"Q. Just before you started around this little partition there was no obstruction there or no reason why you could not have thrown your flashlight out to see this stairway?"

The jury had taken a view of the premises and therefore were in a better position to understand the testimony in this regard than we are. Confined as we are to a mere reading of the testimony, however, we are unable to see how appealing defendants were in any way prejudiced by this ruling.

■ In referring to a conversation between plaintiff and defendant Munly, while cross-examining plaintiff, appealing defendants asked plaintiff the following question:

"Q. Didn't he tell you about any ventilating plans in there?"

Objection to this question was sustained.

The record gives no intimation of the nature of the answer sought by this question. Mr. Munly testified as a witness for defendants and in his examination no reference was made to it. We conclude that no prejudicial error was committed by the court in sustaining the objection.

■ It is urged that the court erred in denying appealing defendants' motions for nonsuit and for a

directed verdict. The reason assigned as ground upon which said motions were based is that it appears from the testimony of plaintiff himself that he was guilty of negligence which proximately contributed to the happening of the accident in that he did not use due care and caution for his own safety and failed to keep a reasonable lookout.

The cases cited by appealing defendants support the rule that one, who is injured by entering a place of darkness without first attempting to ascertain its nature, character and condition, either by the use of artificial light or other precautionary measures, is guilty of such negligence as to preclude recovery.

The case of *Massey v. Seller,* 45 Or. 267 (77 P. 397), is an illustration of this line of authority. In that case plaintiff was injured by falling down an elevator shaft. We quote from the opinion:

"However, by his [plaintiff's] own statement, and it is all there is in the case upon the subject, he passed back into the shipping room from the display room with the express purpose of passing through it to the outside. If he had continued in his course, he would have passed out with perfect safety; but, desiring to get to a closet, he precipitately changed his purpose, and, noticing a dark corner, where he could see nothing, as he says, walked right into the elevator shaft without heeding his way, and the result was the injury of which he complains. He could not have been injured if he had paid the slightest attention to where he was going, or if he had not bolted headlong into the dark corner. He made no inquiry touching the object of his quest, and was heedless in proceeding in the dark without observing where he was going."

The case of *Olds v. Hines,* 95 Or. 580 (187 P. 586, 188 P. 715), is a railroad crossing case where the plain-

tiff failed to look for the approach of the train in time to avoid a collision although the train could have been seen for a distance of 600 feet.

*Rice v. Goodspeed Real Estate Co.,* 254 Mich. 49 (235 N. W. 814); *Rohrbacher v. Gillig,* 203 N. Y. 413 (96 N. E. 733); *Hudson v. Church of Holy Trinity,* 250 N. Y. 514 (166 N. E. 306); and *Central Pub. House v. Flury,* 25 Ohio App. 214 (157 N. E. 794), are cases similar to *Massey v. Seller,* supra, wherein the plaintiff attempted, without any precaution, to enter a place in darkness, and was thereby injured.

*DeHoney v. Harding,* 300 Fed. 696, also cited by appealing defendants, is a case wherein plaintiff, a guest at a hotel, "without any regard for her own safety, deliberately stepped from the lighted corridor into a darkened stairway when, if she had used her eyes, she would have seen the stairway and avoided the accident." We quote from the opinion in that case:

"If she [plaintiff] had left her room with her eyes closed, walked across the corridor, and stepped off into the stairway, no one would seriously contend that she was not guilty of negligence which contributed to her injury. Her own testimony shows she practically did this thing. It seems clear that plaintiff simply hurried out of her room, and, without paying any attention to where she was going and without using her senses, walked into this darkened stairway."

In the case at bar, plaintiff had seen the posted notice on the building that it was for rent. He had applied to the real estate agent named in this notice. He was accompanied by a representative of such agent. He was engaged in an attempt to make a general inspection of the building. He carried a flashlight and made use of it, he looked at the floor and the walls. Whether he was negligent or not, that is, whether he

acted as an ordinarily careful man in using his flashlight, in making use of his vision, in otherwise attempting to avoid injury and in relying upon the presumption that the owners had used reasonable care to render the premises safe for inspection, at most, is a matter upon which reasonable minds differ. The members of the jury, who concurred in the verdict, must have been of the opinion that plaintiff exercised at least ordinary care in the premises.

No error was committed in overruling the motions for nonsuit and directed verdict.

The judgment of the circuit court is affirmed.

RAND, ROSSMAN and CAMPBELL, JJ., concur.

BEAN, C. J., did not participate in this opinion.