CADAGAN *v.* GREAT ATLANTIC & PACIFIC TEA CO.

1. NEGLIGENCE—PUBLIC SIDEWALKS—DANGEROUS CONDITION—CONTRIBUTORY NEGLIGENCE—STORE CUSTOMER.

   Customer who for months had known of dangerous condition of public sidewalk in front of store caused by loose stones from areaway between public sidewalk adjacent to curb and that adjacent to store building being put on sidewalk incident to passing of school children and other pedestrians assumed risk of danger arising from such condition and was precluded, as a matter of law, by her contributory negligence in failing to use commensurate care, from recovering damages from store owner for injuries sustained notwithstanding there was no safer means of ingress or egress from the store than the course pursued by her.

2. SAME—CONTRIBUTORY NEGLIGENCE—DANGEROUS CONDITION.

   One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury.

3. SAME—PUBLIC SIDEWALK—LIABILITY OF STORE OWNER—NUISANCE—CONTRIBUTORY NEGLIGENCE.

   A customer who leaves a store and walks upon the public sidewalk which she knows is covered with loose stones assumes the risk of any danger arising from such condition and cannot recover from the store owner for injuries received when she slipped and fell on a stone, since recovery under theory that defendant had created or permitted to exist a condition in the nature of a nuisance upon or in the vicinity of the walk would be precluded where plaintiff failed to establish her freedom from contributory negligence.

Appeal from Wayne; Elliott (Philip), J., presiding. Submitted April 8, 1941. (Docket No. 14, Calendar No. 41,372.) Decided June 2, 1941.

Case by Laura Cadagan against the Great Atlantic & Pacific Tea Company, a foreign corporation, for

Contributory negligence in use of highway known to be dangerous, see 2 Restatement, Torts, § 473 and comments.

Function of court and jury on the question of contributory negligence, see 2 Restatement, Torts, § 476.

personal injuries.  Verdict and judgment for plaintiff. Defendant appeals.  Reversed.

*Howard A. Donnelly* and *Dalton G. Seymour,* for plaintiff.

*Charles R. Fox* (*Alfred Lindbloom,* of counsel), for defendent.

North, J. Plaintiff in a suit against defendant for damages sustained by way of personal injuries alleged to have been caused by defendant's negligence had verdict on trial by jury.  Judgment was entered thereon and defendant has appealed.

Defendant owned and operated a so-called supermarket on the east side of Hamilton avenue in the city of Detroit.  The store building is located 22 feet back from the curb line.  Adjacent to the curb there is a six-foot concrete sidewalk, and leading from this sidewalk to the store building there is a wide concrete walk.  Also along the front of the building and adjacent thereto there is a concrete walk 3 feet wide.  Between this walk and the 6-foot sidewalk the surface, referred to as an areaway, is covered with white crushed limestone to a depth of 2 or 3 inches and flush with the concrete walks.  The stones varied in size from very small particles to a maximum of approximately 2 inches.  There was a public school in the immediate vicinity of the store. As a result of the children's passing by the store, pieces of the loose rock were very frequently left upon the sidewalk, and possibly this was caused in part by other pedestrians.  This circumstance was known to defendant, and in consequence thereof defendant's employees systematically swept this accumulation from the walks.  On the day plaintiff was injured and prior to the injury defendant had

caused the walk to be swept on two occasions. It was last swept shortly before 12 o'clock noon and plaintiff was injured shortly after 2 o'clock in the afternoon.

Defendant's store was first open for business August 25, 1938. Plaintiff's accident happened December 12, 1938. She had been practically a daily customer of the store from the time it opened, and had full knowledge of the sidewalk conditions above noted. On the day in question she parked her automobile a short distance south of the store adjacent to the curb on Hamilton avenue. From there she went along the sidewalk to the store entrance and observed at that time the loose stones upon the sidewalk. She testified: "I noticed lots of stone on the concrete sidewalk, and I went in very cautiously." After being in the store about 40 minutes she started on her return to her automobile, having a small bag of groceries under her right arm, but not large enough to interfere with her vision or otherwise affect her safety. After passing over the entrance walk she proceeded south along the sidewalk and while still in front of defendant's store plaintiff stepped on one of the particles of stone on the sidewalk, fell, and was rather seriously injured. Plaintiff testified that there was no snow or ice upon the walk, that the weather was "perfect" and the sun was shining brightly; and further as follows:

"*Q.* Had you ever noticed stones on this six-foot sidewalk on prior occasions when you had been to the store?

"*A.* Oh, yes. I have always seen them. I had always seen them previous to my accident, but, of course, one wouldn't expect to be falling, and I didn't expect to fall on it. I was very cautious, and I walked in carefully and came out carefully. * * *

"*Q.* In other words, you could see everything that there was to be seen in front of the store on the sidewalk on that day?

"*A.* I could, yes, sir.  * * * After I left the store I went over the same path I had used in entering the store.

"*Q.* At the place where you fell, would you have any approximate idea as to the number of small stones that were on the sidewalk there?

"*A.* No. I do not believe I could give that.

"*Q.* Could you give me any idea in numbers at all, to say whether there were 50 or 75?

"*A.* Oh, there were much more than 50 or 75 stones on that front sidewalk. There always are. * * * They were small, crushed, sharp-pointed stones. * * *

"*Q.* In coming out of the store you observed these stones where you fell, did you not?

"*A.* Yes.

"*Q.* And you endeavored to walk across those stones?

"*A.* Endeavored to walk through them.  * * * There were stones all the way along. There were many, many stones all the way along that front walk.

"*Q.* On other occasions prior to that when you had gone to the store, were there stones on the sidewalk then?

"*A.* Yes. * * * Yes, there were always stones along there.

"*Q.* Had you walked through those stones on the cement sidewalk and through those stones before?

"*A.* Oh, lots of times."

At the close of plaintiff's proofs and again at the close of all proofs, defendant's motion for a directed verdict was taken under advisement. After verdict defendant moved for judgment *non obstante veredicto,* which was denied. In support of its

motion defendant urged that under the record defendant as a matter of law should be held not to have been guilty of actionable negligence; that plaintiff assumed the risk of using the public walk in its condition of which she had full knowledge, and in stepping upon one of the loose particles of stone and falling plaintiff was guilty of contributory negligence; that there was no duty upon defendant to maintain the public sidewalk where plaintiff fell in a safe condition; and that plaintiff failed to prove that the particles of stone on the sidewalk were there through any act of defendant or its agents or servants.

In submitting the case to the jury the trial court in part charged:

"There has been some testimony as to an areaway that had some broken stones in it, and I am going to instruct you further that the possessor of land, over which there is a public highway, or a building abutting on a public highway is liable for bodily harm caused to travellers on the highway or sidewalk by a failure to exercise reasonable care to maintain in a reasonably safe condition any artificial condition created by him in the highway or within the highway or sidewalk. It must be created by him and it would be for you to determine from all the evidence in this case whether the artificial condition was created by the defendant in this case. If you find it was so created, he is liable for bodily harm caused to travellers on the highway or sidewalk by a failure to exercise reasonable care to maintain in a reasonably safe condition any artificial condition created by him in the highway or within the highway or sidewalk. * * *

"I further instruct you that the possessor or occupant of a building abutting a highway who creates or maintains an artificial condition so near an existing highway that he realizes or should real-

ize in the exercise of ordinary care that it involves an unreasonable risk to those accidentally brought into contact therewith while travelling with reasonable care upon the highway or sidewalk is subject to liability for bodily harm thereby caused.''

If it were to be assumed, which we do not hold, that there was some evidence of negligence on the part of defendant and therefore an issue of fact on that phase of the case, as the circuit judge held, still, we are of the opinion plaintiff cannot recover in the instant case because as a matter of law she was guilty of contributory negligence.

It would be difficult to conceive of conditions under which an injured party was more fully or more timely advised of the condition of a public walk which is claimed to have caused injury. Plaintiff herein seems to rely upon the fact that there was no safer means of ingress to or egress from the store than the course pursued by her, and in consequence she contends she was compelled to do as she did. But this position is not tenable because plaintiff, who for months had possessed full knowledge of the alleged condition, was not required to go to this particular store at all or to use this particular portion of the public sidewalk. If in so doing there was a risk, she assumed the risk and was bound to use commensurate care. Her failure to do so resulted in plaintiff's fall and injury, and as a matter of law rendered her guilty of contributory negligence.

The issue of plaintiff's contributory negligence is not different than as though she had sued the city on the theory of failure to keep this sidewalk in reasonable repair and reasonably safe and convenient for public travel (1 Comp. Laws 1929, § 4225 [Stat. Ann. § 9.593]); and decision herein is controlled by *Vincent* v. *City of Detroit,* 209 Mich. 542; *Stern* v.

*Franklin,* 290 Mich. 467, and other Michigan decisions of like character.

The syllabus in the *Vincent Case* reads:

"In an action against the city of Detroit and the street railway company for personal injuries received by plaintiff tripping and falling while attempting to cross a public street while defendants were engaged in repairing the street car track thereon, where it is undisputed that at the time of the accident it was a bright clear day, and that plaintiff had in mind the danger of what she was doing, she was guilty of contributory negligence precluding recovery."

In the *Stern Case* a paragraph of the syllabus reads as follows:

"One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury."

*Plotner* v. *Great Atlantic & Pacific Tea Co.,* 59 Ohio App. 367 (18 N. E. [2d] 409), is a case wherein the factual aspects are much like the instant case; and the syllabus reads:

"A customer who leaves a store and crosses a concrete pavement or areaway maintained by the store proprietor as a parking space for customers of the store, there being no other means of egress, knowing that the parking space is covered with oil spots caused by the dripping of oil from parked automobiles, thereby assumes the risk of any danger arising from such oil spots and cannot recover from the proprietor of the store for injuries received when she slipped and fell on one of such spots."

It must be borne in mind that the instant case is not governed by the law which requires one in de-

fendant's circumstances to use reasonable care in keeping its place of business in a reasonably safe condition for visitation by its invitees. This accident did not happen on defendant's premises. Instead, it occurred on a public sidewalk; and the theory of plaintiff's recovery, if any, must be that defendant created or permitted to exist a condition in the nature of a nuisance upon or in the vicinity of the walk and that such condition caused plaintiff's accident. But even on such theory, plaintiff is chargeable with establishing freedom from contributory negligence. We are of the opinion that under the authorities hereinbefore cited, plaintiff, as a matter of law, was guilty of negligence which contributed as a cause of her accident and misfortune. Defendant's motion for judgment *non obstante veredicto* should have been granted.

The judgment entered in the circuit court is reversed; and defendant will have costs of both courts.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, WIEST, and BUTZEL, JJ., concurred. MCALLISTER, J., took no part in this decision.