# STATE OF MICHIGAN

# COURT OF APPEALS

CHERYL DORSEY,

Plaintiff-Appellant,

UNPUBLISHED
April 13, 2017

v

No.  330690
Oakland Circuit Court
LC No.  2014-142098-NO

TAUBMAN AUBURN HILLS ASSOCIATES, a
Limited Partnership,

Defendant-Appellee.

Before:  O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

GLEICHER, J. (*concurring*).

I concur with the majority only because *Riddle v McLouth Steel Prod Corp*, 440 Mich 85, 95; 485 NW2d 676 (1992), and its progeny compel me to do so.  This case exemplifies the juridical contradictions inherent in our state's "open and obvious" jurisprudence, precipitating this separate opinion.

Viewed in the light most favorable to Dorsey, defendant negligently created a dangerous condition by repairing a sidewalk joint with an inappropriate material that appeared solid, but gave way under the weight of a foot.  On the other hand, as the majority accurately observes, "a reasonably prudent person would be aware that joints, cracks, or other uneven areas of a sidewalk can present a tripping hazard."  A jury could easily find that both parties were negligent.  Given that we live in a comparative negligence world, why does Dorsey's negligence bar her recovery while the negligence of defendant is excused?

Our Supreme Court long ago banished the notion that under the common law, an injured person's contributory fault should eliminate a fair allocation of tort liability.  See *Placek v Sterling Hts*, 405 Mich 638; 275 NW2d 511 (1979).  Under a comparative fault regime, the trier of fact determines the relative degree of the parties' negligence.  In a case like this, the calculus would certainly include the obviousness of the danger and its visibility.  So why does an open and obvious danger absolve a negligent landowner from any liability by negating the landowner's duty to keep its premises in reasonable repair?  And lest there be any confusion regarding a landowner's duty, the Supreme Court has repeatedly elucidated that a landowner owes to an invitee such as Dorsey an "obligation to also make the premises safe, which requires the landowner to inspect the premises and depending upon the circumstances, make any

- 1 -

necessary repairs or warn of any discovered hazards." *Stitt v Holland Abundant Life Fellowship*, 462 Mich 591, 597; 614 NW2d 88 (2000).

In *Riddle*, 440 Mich at 99, the Supreme Court adopted a duty-based open and obvious danger defense. In reaching this result, the Court appropriated the analysis of the Illinois Supreme Court in *Ward v K Mart Corp*, 136 Ill 2d 132; 554 NE2d 223 (1990), rejecting that "the adoption of comparative negligence . . . has affected the basic duty a landowner or occupier owes to entrant upon his land" with respect to open and obvious conditions.[1] In the 25 years that have elapsed since *Riddle* was decided, three important developments have dramatically altered the legal landscape. A re-examination of *Riddle* is long overdue.

First, in countless cases involving whether a particular condition is open and obvious, Michigan courts have applied the test applicable in all negligence case—the reasonable person standard. In *Novotney v Burger King (On Remand)*, 198 Mich App 470, 475; 499 NW2d 379 (1993), we engrafted that standard on a court's determination of whether a condition is open and obvious: "Would an average user with ordinary intelligence have been able to discover the danger and the risk presented upon casual inspection?" The *Novotney* formulation is ubiquitous in our premises liability caselaw.[2] Whether called the "average person with ordinary intelligence" test as in *Novotney*, or "a reasonably prudent person" standard as the majority does here, the pertinent inquiry in premises liability cases echoes that in *all* negligence cases: did the plaintiff behave reasonably under the circumstances?

The second post-*Riddle* development concerns comparative fault. When the Supreme Court decided *Riddle*, comparative fault was solely a creature of the common law that had been embraced in *Placek*. But that changed in 1995 when our Legislature adopted MCL 600.2958, explicitly enshrining the doctrine of comparative fault in *all* tort actions:

> Subject to [MCL 600.2959], in an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, a plaintiff's contributory fault does not bar that plaintiff's recovery of damages.

---

[1] The *Riddle* Court engaged in no discussion whatsoever of the body of *Michigan* caselaw holding that the obviousness of a dangerous condition, or a plaintiff's familiarity with that condition, was relevant to a plaintiff's *fault* rather than a defendant's *duty*. See *Town v Armstrong*, 75 Mich 580; 42 NW 983 (1889); *Rice v Goodspeed Real Estate Co*, 254 Mich 49, 55; 235 NW 814 (1931) (emphasis added) ("One who knows or in the exercise of ordinary care should have known the existence of danger from which injury might reasonably be anticipated and who by his voluntary acts or omissions exposes himself to such danger *is guilty of negligence*, if under the circumstances an ordinarily prudent person would not have incurred the risk of injury which such conduct involved."); and *Cadagan v Great Atlantic & Pacific Tea Co*, 298 Mich 207, 212; 298 NW 504 (1941) (where the plaintiff knew of the dangerous condition on the sidewalk but used it anyway, rendering her "guilty of contributory negligence").

[2] The Supreme Court denied leave to appeal in *Novotney v Burger King Corp*, 445 Mich 862; 519 NW2d 158 (1994), and has never raised any challenge to the application of the reasonable person standard in cases involving allegedly open and obvious dangers.

The Legislature carved out no exception for premises liability claims despite its awareness of *Riddle*.

The clear and express language of MCL 600.2958 prohibits a court from barring a plaintiff's recovery based on her comparative fault. But as the majority's opinion in this case vividly demonstrates, applying the open and obvious danger doctrine violates this prohibition. Because her conduct fell below that of a "reasonably prudent person," Dorsey may not recover— despite that defendant was concurrently negligent, and arguably *more* negligent than Dorsey. Even if a plaintiff cautiously approaches a negligently created or permitted danger and attempts to avoid it, she may not recover. This result simply cannot be reconciled with MCL 600.2958. "It is anomalous to find that a defendant has a duty to provide reasonably safe premises and at the same time deny a plaintiff recovery from a breach of that same duty." *Tharp v Bunge Corp*, 641 So 2d 20, 25 (Miss, 1994). I would hold that the open and obvious danger defense is incompatible with our Legislature's pronouncement that comparative negligence controls.

Finally, the "no duty" rule inherent with Michigan's open and obvious jurisprudence is a relic from foregone era. See James, *Tort Liability of Occupiers of Land: Duties Owed to Licensees and Invitees,* 63 Yale L J 605, 628 (1954); Keeton, *Personal Injuries Resulting From Open and Obvious Conditions,* 100 U Pa L Rev 629, 642 (1952). A number of courts have recognized that comparative negligence principles apply in premises liability disputes as well as all other tort cases. See *Carter v Bullitt Host, LLC*, 471 SW3d 288 (Ky, 2015); *Steigman v Outrigger Enterprises, Inc*, 126 Haw 133; 267 P3d 1238 (2011); *Foster v Costco Wholesale Corp*, 128 Nev 773, 781-782; 291 P3d 150 (2012); *Tharp v Bunge Corp*, 641 So 2d 20 (Miss, 1994). But until our Supreme Court says otherwise, negligent landowners are graced with judicially created immunity and plaintiffs such as Dorsey must be denied recovery, regardless of the Legislature's clearly expressed contrary view.

/s/ Elizabeth L. Gleicher