STERN *v.* FRANKLIN.

1. EVIDENCE—JUDICIAL NOTICE—PASSING FROM MOTOR BOAT TO LANDING PLATFORM.

   It is a matter of common knowledge that there is an element of danger and that extra caution is required in passing from an ordinary type of motor boat onto a dock or landing platform.

2. NEGLIGENCE—MOTOR BOATS—FASTENING TO LANDING PLATFORMS.

   It is not negligence to invite guest passengers to leave an ordinary motor boat without first making it fast to a landing platform with ropes or otherwise as such precautions are not usually taken.

3. SAME—CONTRIBUTORY NEGLIGENCE.

   One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, cannot recover for the ensuing injury.

4. SAME—PRESUMPTION OF KNOWLEDGE OF DANGER.

A person is conclusively presumed to be aware of a danger which he would have known if he had made ordinary uses of his senses.

5. SAME—ASSURANCES OF SAFETY.

One may not rely upon assurances of safety where he is aware of the danger, or where the danger is so obvious and imminent that an ordinarily prudent person, under the same or similar circumstances, would not do so.

6. SAME—MOTOR BOATS—GUEST PASSENGERS—MOORING TO DOCK—CONTRIBUTORY NEGLIGENCE.

Plaintiff, guest passenger in a motor boat, who was requested to leave same along with other guests and join host at a pavilion *held*, not to have stated a cause of action for injuries sustained, when she left the boat, by allegations that the only fastening of the boat was a single rope from the bow of the boat to a post on the landing, that it was very dark, and there was no lantern or other artificial light in close proximity to where boat was tied, since plaintiff was not entitled to indulge in assumption that a boat so moored could not swing away from dock and was, herself, under a duty of exercising commensurate care and caution.

Appeal from Jackson; Simpson (John), J. Submitted June 9, 1939. (Docket No. 66, Calendar No. 40,521.) Decided October 20, 1939.

Case by Dorothy Stern against Norman Franklin for damages for personal injuries sustained by falling when stepping from a boat. From order dismissing declaration, plaintiff appeals. Affirmed.

*Rosenburg, Painter & Cristy,* for plaintiff.

*Bisbee, McKone, Badgley & Kendall,* for defendant.

NORTH, J. Plaintiff's suit is for damages which she seeks because of personal injuries alleged to

have been sustained as a result of defendant's negligence. Defendant's motion to dismiss, on the ground that plaintiff's declaration does not state a cause of action, was granted. Plaintiff has appealed.

The facts as pleaded are as follows: On Saturday, July 9, 1938, plaintiff and two other ladies were guests of defendant at his cottage at Clark Lake, a small body of water near Jackson. Late that night at defendant's invitation the four went for a ride in defendant's motor boat. Shortly after midnight defendant stopped his boat at a pavilion landing where there was a dock or platform with a railing. There was no artificial light in close proximity and the location was dark. Defendant tied his boat to a post on the dock with a rope fastened to the bow of the boat, but in doing this he allowed some slack in the rope so that it was possible for the boat to draw or swing away from the landing platform a few feet. Defendant left for a few minutes and upon returning requested his guests to get out of the boat and join him in the pavilion. Two of the guests "climbed" from the boat onto the platform, but when plaintiff attempted to follow them and was in the act of stepping from the boat to the landing, the boat suddenly moved away from the landing with the result that plaintiff lost her balance and was thrown into the water, suffering severe injuries.

Plaintiff alleges that she was free from contributory negligence and that defendant's duties which he negligently failed to perform were:

"(a) To tie or fasten said boat securely and in such proximity to said pavilion or platform thereon and in such manner that a passenger on leaving or attempting to climb from said boat could do so without danger and risk that said boat would suddenly pull and drift away from said pavilion or platform.

"(b) To have made sure and ascertained that, at the time he requested Jane Ward, Florence Large and plaintiff to leave the boat and join him in the pavilion, the boat was securely tied and fastened and that the rope held the boat securely and close to the pavilion or platform so that said boat could not suddenly pull and drift away from said pavilion or platform while passengers were attempting to climb out of said boat."

We quote briefly from the opinion of the circuit judge filed incident to granting defendant's motion to dismiss:

"The allegation of negligence consists largely in stating that the defendant did not tie the boat up tight enough. What is a proper length of rope in tying up a boat is not stated nor alleged. The case apparently relies on rules of ordinary care and negligence. No cases of like precedent are cited, but each side relies upon the basic rules of negligence. * * *

"No statutory rule is involved in the case. The entire declaration seems to revolve itself around the fifth paragraph of the declaration, wherein the plaintiff alleges: 'that when she, acting on said defendant's request, started to climb from the boat to the pavilion, the boat suddenly moved, floated and drew away from the pavilion with the result that plaintiff lost her balance and fell and was thrown from the motor boat into the water.' It nowhere states that the defendant was guilty of any actionable negligence. Everyone knows that getting out of an ordinary boat tied to a dock requires some skill and care, and that this plaintiff must have known under all the circumstances on that night in question."

Cases with a like factual background seemingly are rare, and there is a dearth of precedent as to the rights and liabilities of the respective parties. But

surely it is a matter of common knowledge that there is an element of danger and extra caution is required in passing from an ordinary type of motor boat onto a dock or landing platform. It is not negligence to invite guest passengers to leave such a boat without first making it fast with ropes or otherwise. Instead such precautions are not usually taken. We are not in accord with appellant's contention that by tying his boat in the manner noted defendant created "a new or additional risk." Defendant evidently tied the boat to prevent it from drifting away during his absence. For that purpose it was properly secured. He gave plaintiff no assurance, so far as the pleading discloses, that the boat was so securely fastened it could not move or swing somewhat from the landing platform. Plaintiff had no right to assume such to be the fact. But evidently she did; and the accident happened.

Plaintiff obviously knew, at least she alleges as a fact, that the only fastening of the boat was with a single rope from the bow to the post on the landing. But tying the boat by a single rope secured to the bow did not justify plaintiff in assuming the boat could not swing or move away from the dock. If she indulged in such an assumption, it was her own misfortune.

"One who voluntarily places himself in, or remains in, a position which he knows, or with reasonable care should know, is dangerous, he cannot recover for the ensuing injury.   *   *   *   A person is conclusively presumed to be aware of a danger which he would have known if he had made ordinary uses of his senses."   3 Cooley on Torts (4th Ed.), pp. 423, 426.

"Assurances of safety do not relieve one of the duty of exercising ordinary care for his own safety.

Thus one may not rely upon assurances of safety where he is aware of the danger, or where the danger is so obvious and imminent that an ordinarily prudent person, under the same or similar circumstances, would not do so." 45 C. J. p. 957.

Plaintiff sets up in her declaration: "That it was very dark and there was no lantern or other artificial light in close proximity to where defendant tied the motor boat." But of necessity plaintiff was well aware at the time that such was the fact and being possessed of such knowledge she was charged with the duty of exercising commensurate care and caution.

"One is required to make reasonable use of his faculties of sight, hearing, and of intelligence to discover dangerous conditions to which he is or he may become exposed. * * * Momentary forgetfulness of or inattention to a known danger may, and usually does, amount to negligence." *Rice* v. *Goodspeed Real Estate Co.*, 254 Mich. 49, 55.

Our review of this record brings the conclusion that the circuit judge was right in dismissing plaintiff's declaration on the ground that it does not charge defendant with a breach of any duty which he owed to plaintiff. If the facts alleged in the declaration disclose negligence on the part of either of these litigants which caused the accident, it appears that such negligence was that of plaintiff rather than any negligence on the part of defendant. The judgment entered in the circuit court is affirmed. Costs to appellee.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and MCALLISTER, JJ., concurred.