**INTEROCEAN S. S. CO. v. TOPOLOFSKY.**

No. 10501.

Circuit Court of Appeals, Sixth Circuit.

Feb. 5, 1948.

Russell V. Bleecker, of Cleveland, Ohio, for appellant.

S. Eldridge Sampliner, of Cleveland, Ohio, for appellee.

Before SIMONS, ALLEN, and McALLISTER, Circuit Judges.

PER CURIAM.

Appellee is a seaman who was injured during a voyage and brought suit under the Jones Act, 46 U.S.C.A. § 688, charging appellant with negligence causing the injury. Appellant denied that there was any evidence of negligence on its part. The injuries resulted from an allegedly defective step on a flight of steps on appellant's ship. The step in question was held in position by being bolted on each side to uprights. It was supported by four bolts, two on each side of the step—one in the front part of the step, and the other, in the rear. Looking at the step from the front, there were, then, two front bolts, one at the right side and the other at the left side of the step, and two rear bolts.

Appellee claimed that as he was going down the flight of steps, he stepped on one of them which gave way, or tipped, and caused him to fall to the fire hold. When he recovered from the fall, according to his testimony, he went back and examined the step, and found that the two front bolts were out and that there was, therefore, nothing to hold up the front of the step. Appellee's testimony was the sole evidence of the defect in the step, and was strongly challenged and contradicted by witnesses for appellant. Whether such defect existed, and, if it did, whether appellant knew of, or should have known of, or discovered, this dangerous defect in the step, was a question for the jury.

█ The obligation of a shipowner to his seamen is substantially greater than that of an ordinary employer to his employees. Koehler v. Presque-Isle Transportation Co., 2 Cir., 141 F.2d 490, 492. Appellant had the duty of furnishing appellee a safe place in which to work and was responsible for a seaworthy ship and safe equipment. This duty is absolute and not merely a result of the Jones Act. Roberts v. United Fisheries Vessels Co., 1 Cir., 141 F.2d 288. " * * * seamen are the wards of the admiralty, whose traditional policy it has been to avoid, within reasonable limits, the application of the rules of the common law which would affect them harshly because of the special circumstances attending their calling." Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 431, 59 S.Ct. 262, 266, 83 L.Ed. 265. "The rules, peculiar to admiralty, of liability for injuries to seamen or others, are as applicable when the injury occurs upon a vessel in port as when at sea, although the common law may apply a different rule to an injury similarly inflicted on the wharf to which the vessel is moored." Beadle v. Spencer, 298 U.S. 124, 129, 56 S.Ct. 712, 714, 80 L.Ed. 1082.

█ We agree with the district judge that there was substantial evidence to support the verdict of the jury that the alleged defect existed. Reasonable inferences could be drawn that appellant was negligent in not discovering such defect by the exercise of a high degree of care in making such inspections as were required for the safety of its seamen, and in keeping with its duty to furnish a safe place in which to work. See Johnson v. Griffiths S. S. Co., 9 Cir., 150 F.2d 224; Lopoczyk v. Chester Poling, 2 Cir., 152 F.2d 457; Stark v. American Dredging Co., D. C. Pa., 66 F. Supp. 296. With regard to the portion of hospital records introduced on behalf of appellee, which was challenged as error by appellant, it is our conclusion that they were properly admitted in evidence. Bray v. Luckenbach S. S. Co., 9 Cir., 78 F.2d 827; Ulm v. Moore-McCormack Lines, 2 Cir., 115 F.2d 492. Other claims of error are not meritorious.

The judgment of the district court is affirmed.