**SANFORD et al. v. CASWELL.**

No. 14024.

United States Court of Appeals Fifth Circuit.

Jan. 14, 1953.

Rehearing Denied Feb. 6, 1953.

Eberhard P. Deutsch, New Orleans, La., Wm. Fisher, Jr., Pensacola, Fla., for appellant.

Herbert Latham, Pensacola, Fla., Capt. William R. Davenport, Hq. U. S. A. F. E., New York City, for appellee.

Before BORAH, STRUM, and RIVES, Circuit Judges.

BORAH, Circuit Judge.

This civil action at law under Section 33 of the Merchant Marine Act of 1920, 46 U.S.C.A. § 688, commonly called the Jones Act, was brought by Harold Caswell in the United States District Court for the Northern District of Florida to recover damages for a personal injury which he sustained while performing the duties of a seaman in the employ of the defendants. The plaintiff and the defendants each moved for summary judgment on the pleadings, interrogatories, and supporting affidavits. Finding that there was no genuine issue as to any material fact except as to the amount of damages, the court denied defendants' motion, granted summary judgment in favor of plaintiff on the question of liability, and ordered that the issue as to damages be determined by a jury at a subsequent trial of the cause. The trial was had, judgment was entered on a jury verdict awarding plaintiff damages, and defendants have appealed.

Plaintiff was the mate of the defendants' tug Sanco. On the day when he received his injury, he and another seaman had been detailed by the master of the tug to assist in loading a cargo of molasses aboard the defendants' barge Sanserco No. 3, which was then alongside the dock of the Pacific Molasses Company at New Orleans, Louisiana. The dock was some ten

feet or more above the deck of the barge, but the barge was not equipped with any means by which seamen in the performance of their duties could enter or leave the vessel, and employees of the Pacific Molasses Company undertook to furnish a means of ingress and egress by providing a ladder which they lowered from the dock. The top of the ladder was improperly and insecurely fastened to the dock by the employees of the molasses company, who tied it loosely with a piece of old insulated electric wire, and the foot of the ladder was allowed to rest upon the barge without being made fast thereto. Caswell thereafter climbed the ladder and secured a heaving timber for use in moving a hose into position to load the cargo. When he attempted to descend the ladder with the timber in his hand, the slackness in the fastening wire allowed the ladder to slip, and when it slipped the hooks holding the two sections of the ladder came out of place and the sections became disconnected in the middle causing Caswell to fall and strike his right arm on the barge, breaking the bones at the elbow, from which he claims permanent injury. Caswell made claim against the Pacific Molasses Company for his injuries and was paid $9,500 in settlement, in consideration of which he executed a full release with a reservation of his rights against his employers, the appellants herein.

The appellants' principal contentions are that the court erred: (1) in failing to hold that the accident resulted solely from the appellee's own negligence, barring his recovery; (2) in holding that the barge was unseaworthy for failure to carry a ladder; and (3) in holding that the Pacific Molasses Company acted as appellants' agent in lowering the ladder to the barge. In the alternative, appellants contend that appellee's negligence contributed to the accident, reducing the amount recoverable.

 We are unable to agree with appellants' contention that the sole acts of negligence with which they could be charged were the acts of Caswell, who they claim was in charge of the barge and either participated actively in the defective lashing of the ladder or failed to inspect

and remedy the defect. In our view, it is of no moment whether or not Caswell was in command of the barge, for in either event he had a right to bring a suit at law against his employers for the recovery of damages under the Jones Act. Warner v. Goltra, 293 U.S. 155, 55 S.Ct. 46, 79 L.Ed. 254. Caswell's employers had an absolute and non-delegable duty to furnish the seamen in their employ with safe and seaworthy appliances and a safe place in which to work. Interocean S. S. Co. v. Topolofsky, 6 Cir., 165 F.2d 783; see also, Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Mahnich v. Southern Steamship Co., 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561, 563; Pacific American Fisheries v. Hoof, 9 Cir., 291 F. 306, certiorari denied, 263 U.S. 712, 44 S.Ct. 38, 68 L.Ed. 520. This duty appellants failed to perform. The ladder was inherently defective in that the two sections became disconnected in the middle and collapsed simply because the looseness of the fastening wire permitted the ladder to slip. In any event, it was inadequate for the purpose for which it was used because of the defective manner in which it was rigged. Whether Caswell actually knew of the defective condition does not appear, but in any case the seaman, in the performance of his duties, is not deemed to assume the risk of unseaworthy appliances. Mahnich v. Southern Steamship Company, supra. In numerous decisions rendered in actions at law under the Jones Act, shipowners have been held to be negligent in furnishing seamen with unsafe and unseaworthy appliances or failing to furnish safe equipment and a safe place to work when they knew or should have known of the insufficiency and might reasonably have foreseen that harm would result therefrom. Jacob v. New York City, 315 U.S. 752, 62 S.Ct. 854, 86 L.Ed. 1166; Interocean S. S. Co. v. Topolofsky, supra; Howarth v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 24 F.2d 374; Zinnel v. United States Shipping Board Emergency Fleet Corp., 2 Cir., 10 F.2d 47. Appellants knew that the barge would be docked at places where a ladder would be necessary and yet failed to provide one.

Thus, while it appears that appellee would be entitled to recover on the ground of unseaworthiness in the absence of proof of negligence, as was pointed out in Seas Shipping Co. v. Sieracki, supra, and German v. Carnegie-Illinois Steel Corp., 3 Cir., 156 F.2d 977, we think it plain that appellants were here guilty of negligence.[1]

■■ We need not consider appellants' contention that the court erred in holding that the Pacific Molasses Company was their agent, since the court also held, and we think properly, that defendants were liable to plaintiff even if the molasses company was a volunteer. Appellants' remaining contention that Caswell was contributorily negligent, is not properly presented for review, in that the court's charge to the jury and the evidence are not included in the record. We may therefore presume that the jury was correctly charged. Southern Ry. Co. v. Hardin, 5 Cir., 157 F. 645. The judgment was right and it is Affirmed.

Affirmed.

1. There is no merit in appellants' contention that the certificate of inspection which the United States Coast Guard issued upon the barge precluded the carriage of a ladder, since, upon examination, the certificate proves not to have the effect contended for. It merely lists items of lifesaving and firefighting equipment which may be carried on the barge or supplied when required by the towing vessel, and, while it does not mention a ladder, the carriage of such item of ship's gear by the barge or tug is not prohibited.