PER CURIAM.
This appeal is by the plaintiff, from a summary judgment entered in favor of the defendant in an automobile accident case.
Plaintiff was a passenger on a municipal transportation bus. She received certain injuries when the bus made a sudden emergency stop to avoid collision with an automobile driven by the defendant Dr. Morgan. The latter vehicle came around and ahead of the bus, slowed down and turned into a driveway to the right. The complaint charged the driver of the vehicle with negligence proximately causing the plaintiff’s injuries. The defendant denied negligence, and pleaded that the bus passenger was contributorily negligent.
Defendant moved for summary judgment. At the hearing there were before the court the pleadings, the discovery depositions of the bus driver and of the defendant, and certain interrogatories to the defendant and his answers thereto.
There was no evidence of contributory negligence of the bus passenger. Therefore, in granting summary judgment for the defendant, the trial court necessarily held that negligence, if any, was that of the bus driver; that it was the sole proximate cause of the plaintiff’s injury; and that the defendant motorist was not guilty of any negligence which was a proximate cause or a contributing proximate cause thereof. In so concluding, the able trial judge was in error, and we reverse.
The testimony of the bus driver and of the defendant motorist was in sharp conflict on material facts bearing on the questions of negligence of the defendant and on proximate cause. Their conflicting and divergent testimony is sufficiently revealed in their respective accounts of the incident. In answer to an interrogatory, Dr. Morgan gave this version, viz:
“9. I was southbound on N.W. 10th Avenue approaching Jackson Memorial Hospital. At the bus stop near the John Elliott Blood Bank, a bus was stopped either taking on or discharging passengers. I passed the bus and as the rear of my car reached the front of the bus I heard the motor begin to race. I proceeded ahead in my normal lane of traffic for at least a block during which time I signaled my intention to make a right turn into the parking lot adjacent to the out-patient clinic. I slowed down and made my turn in a normal *847 manner. When my car was into the driveway leading to the parking lot, I heard a screech of the brakes on the bus. I immediately stopped my car and looked back. The bus was stopped, but proceeded onto the next bus stop and I proceeded to park my car. There was no accident or collision.”
The bus driver’s version, as stated in his deposition, was as follows:
“A Well, I was driving the bus and I was next to the curb and had my bus under complete control and had glanced into the mirror real quick to see if any of my passengers had arisen. That was one of the things I always did was to make sure there was no one standing in case an emergency arose.
“I was going to pull into the bus stop, and as I pulled in I announced ‘Jackson Memorial Hospital,’ and the next thing I knew there’s an automobile that came from behind, I assume, and cut in front of me at the emergency entrance to Jackson Memorial Hospital, so I had to apply my brakes abruptly and, as I did, there was a lady sitting' behind me who had already gotten up to alight from the bus, and as this automobile cut in front of me I applied my brakes real quick, and the next thing I know this lady is coming toward the door with kind of a lunge like, and I reached out and held my 'hand out to try to prevent- her falling to the door or down to the door, and in doing so she hit my arm, which my arm went back against the meter.
j}c s|c ‡ í{í
“So I saw the car that pulled in front of me and went around to a parking space and parked. So immediately I went out and I took his license tag number and the make and model of the car and then I went back to the bus * * * ”
Applying the established proposition that at the hearing on the motion for summary judgment the facts revealed were required to be viewed in the light most favorable to the party moved against, it could not be said that the conduct of the defendant motorist was, as a matter of law, free of any negligence proximately contributing to the plaintiff’s injuries. The question of whether the defendant was guilty of any negligence which proximately caused or contributed to cause the plaintiff’s injuries was required to be determined on conflicting evidence. That involves consideration of weight of evidence and credibility of witnesses, which is the province of a trier of the facts; and such triable issues may not be resolved on motion for summary judgment.
For the reasons stated the summary judgment is reversed.
Reversed.