CARROLL, Judge.
This appeal is from a summary judgment entered in favor of the defendant in a maritime tort action, in which the plaintiff sought damages for personal injuries received when she fell into the water on debarking from a houseboat.
The pleadings and evidence before the trial court disclosed that plaintiff was a social guest on a houseboat used and occupied by the defendant; that the houseboat was moored at the stern to a dock in Biscayne Bay; that it was secured in a manner which permitted the boat to move as far as two feet from the dock; that no *695 •gangplank or railings running from the "boat to the dock were supplied; that when plaintiff departed between 2:00 o’clock and 3:00 o’clock A.M. she was not assisted; •that it was drizzling and windy, and the boat was rocking somewhat; that as she proceeded to step from the stern to the dock the boat moved away from the dock some 18 inches to two feet, and she missed her footing and fell into the water between the boat and the dock, striking her body .and head against the dock; that her scream upon falling summoned the defendant who then removed her unconscious from the water. While the evidence relating to the foregoing facts was not without some conflict, the party moved against was entitled to have it viewed in the light most favorable to her, on the hearing on motion of the opposing party for summary judgment. Harvey Bldg., Inc. v. Haley, Fla.1965, 175 So.2d 780; Anderson v. Morgan, Fla.App.1965, 172 So.2d 845.
Under the law relating to this maritime tort action, plaintiff’s status was that of an invitee, to whom the defendant owed a “duty to provide reasonable security of life and limb and to exercise ordinary care to protect [her] from injury,” (Cashell v. Hart, Fla.App.1962, 143 So.2d 559, 561) and contributory negligence of the plaintiff, if disclosed, would not bar her recovery but would be a factor to be considered in reduction of damages, under the comparative negligence doctrine applicable. Kermarec v. Compagnie General Transatlantique, 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550; Cashell v. Hart, supra. The duty owed the invitee included providing for reasonably safe means of disembarking. See Burrows v. Lownsdale, 9 Cir. 1904, 133 F. 250; Mawson v. Eagle Harbor Transportation Co., 148 Wash. 258, 268 P. 595, 59 A.L.R. 1352.
Plaintiff charged defendant with •negligence in failing to provide a gangplank and guard rails, inadequate lighting, .and failure to assist the plaintiff in departing. We hold that the trial judge was in error in determining as a matter of law that the defendant was free of any negligence proximately causing or contributing to the plaintiff’s injuries in the circumstances presented, which included lack of assistance to the plaintiff, a conflict in the evidence as to the adequacy of the lighting, and with the boat capable of moving to and from the dock over a space of approximately two feet with no guard rail or gangplank supplied. The question of whether under the circumstances the defendant fulfilled the duty owed the plaintiff invitee presented triable issues not proper to be resolved on summary judgment.
Accordingly, the summary judgment which is appealed is reversed.