PIERCE, Judge.
Plaintiff below, an insurance agent, sued the defendant below, an insurance company, for breach of contract and received a summary judgment for $4,843.33, from which judgment the insurance company appeals.
The contract between the parties provided for the defendant to pay over to the plaintiff, writing defendant’s insurance, as commissions earned, all of the premiums less 15% thereof and any claims and claim expenses paid, during the period, out of the premiums held by the defendant. Subsequently, it was amended so that for an additional 9% of the insurance premiums collected as a result of defendant’s policies written by the plaintiff, the defendant agreed to reimburse the plaintiff for any indemnity loss in excess of $7,500.00 (combined bodily injury and property damage in any one accident, and one-half of the costs incurred. The agreement sued on, therefore, provided for the defendant to retain 24% of the premium, up to $7,500.00 of any single claim paid, and one-half of costs incident thereto.
*804 The specific breach concerned the failure of the defendant to reimburse the plaintiff for the amount of loss in excess of $7,500.00, as a result of an accident caused by a policy holder.- The accident occurred during November, 1963, while the agreement was in effect, but' the settlement of the claim and payment thereunder was not effected until after January 1, 1964.-
' Defendant admitted the agreement but denied any breach and denied that any sums were due thereunder. The defendant affirmatively alleged the existence of an agreement between itself and a third company, Morrison Assurance Company (or Morrison Insurance Company), hereinafter called Morrison, relieving defendant of liability to plaintiff as of January 1, 1964. Also, defendant alleged that in pursuance of the new agreement defendant paid to plaintiff the sum of $23,473.91 by way of check, as a full and final commission terminating the agreement sued on, together with a letter setting out the termination. The check contained a special endorsement stating that it was received as full and final commission under the subject agreement and made reference to the letter.
Plaintiff moved for summary judgment accompanied by an affidavit asserting it was not a party to any agreement between defendant and Morrison, that plaintiff had paid the claim settlement, and that plaintiff never contemplated that defendant would not pay its share since the same was incurred during the existence of the agreement with the defendant, although settlement was made after January 1, 1964.
Defendant’s counter-affidavit stated that during November and December, 1963, plaintiff and defendant had negotiated the relieving of defendant of all liability, including case reserves, losses outstanding, and losses incurred but not reported. The affidavit further recited that defendant was informed by plaintiff that the latter had arranged to relieve the defendant through what the parties termed a “bordereau[1] agreement” with Morrison, to cover the “runoff” of all the business placed by plaintiff with defendant; further, that defendant was informed by Morrison that the latter had fulfilled its agreement with defendant, had assumed and discharged the defendant from liability under the subject policy and had paid claims and expenses in full satisfaction of that claim. The affidavit further reiterated the special endorsement on the check, referring to the termination letter of February 11, 1964, and that enclosed with the termination letter and check was the agreement between defendant and Morrison. The defendant further stated it had never contemplated it would be liable since Morrison and plaintiff had negotiated the settlement and that the subject claim had been paid.
Answers by plaintiff to requests for admission disclosed that although it had been plaintiff’s understanding that the agreement between Morrison and the defendant was to have Morrison release the defendant of all liability as contended by defendant, plaintiff later learned that said agreement did not so provide. Implicit in plaintiff’s statement is that because the agreement between the two insurance companies did not contain what he thought it contained, his agreement with defendant was something other than what he must have at first thought it to be. Plaintiff further denied that Morrison had paid the subject claim, but admitted that Morrison had paid that part of the claim which the defendant’s claims examiner had determined was an adequate reserve, retained from plaintiff’s earned premiums and turned over to Morrison.
The Court entered summary judgment in favor of the plaintiff, finding no genuine issue of material fact. It is from this order that the defendant appeals, contending that the Court erred in finding no issue of fact, and argues that the main fact issue was the *805 intention of the parties with reference to the termination of the agreement. Defendant maintains that, relevant to its defense of accord and satisfaction, the evidence before the Circuit Judge raised a genuine issue of material fact. We agree with defendant that the record reflects a dispute as to the fact question of what the parties intended with reference to the termination of the agreement. •
It is elementary that summary judgments may only he granted where there are no genuine issues of material fact and the moving party is entitled as a matter of law to said judgment. Williams v. City of Lake City, Fla.1953, 62 So.2d 732. Where such issues exist it is not the Court’s function to decide them. Delevis v. Troyer, Fla.App.1962, 142 So.2d 783. The evidence must he considered in the light most favorable to the non-moving party to determine whether or not an issue of fact exists. Crepaldi v. Wagner, Fla.App.1961, 132 So. 2d 222; Anderson v. Morgan, Fla.App.1965, 172 So.2d 845. See also, for a more extensive review of this question, Booth v. Mary Carter Paint Co., Fla.App.1966, 182 So.2d 292.
The essential point to he determined in the instant case is what was the intent of the parties with reference to the termination of the agreement. This is a factual issue to he determined from all the evidence, both testimonial and documentary. As such, summary judgment is not available unless the evidence of the non-moving party is such that even in the light most favorable to him, he could not, as a matter of law, prevail: therefore making it improvident to go on to trial.
In the case at bar defendant’s evidence discloses that plaintiff initiated, and was cognizant of, negotiations between the two insurance companies for the purpose of substituting one for the other in its relationship with plaintiff. Simultaneous with the receipt of the check alleged to constitute accord and satisfaction, plaintiff received the agreement between the two companies. Relevant also is that the termination letter sets out the plaintiff’s endorse-^ ment of the accompanying check as acceptance of the facts in the letter, which recites Morrison’s assuming all of defendant’s li-j ability under the subject agreement, and encloses the agreement between the defendant and Morrison.
It is apparent the evidence is in conflict and that the summary judgment device could not be utilized.
The order appealed is therefore reversed and the cause remanded.
Reversed.
ALLEN, C. J., and WILLIS, ROBERT E., Associate Judge, concur.

. A term derived from French law, meaning a note or detailed statement of account. Common in insurance trade.