PER CURIAM.
This is an appeal from the final judgment entered pursuant to a jury verdict. The cause was submitted to the jury under the law of comparative negligence which the parties agreed was applicable because the action was for a maritime tort. The verdict was for the plaintiff-appellant and against the defendant-appellee in the amount of $15,000, and for the defendant-counterclaimant against the plaintiff-coun-terdefendant for $5,000. The appeal is from the $5,000 judgment entered against the plaintiff-appellant as counterdefendant. No issue is raised as to the way in which the cause was tried or to the form of the verdict.
The point presented challenges the sufficiency of the evidence as to the negligence of the appellant. Most importantly, it is urged that the facts presented to the jury did not show a legal duty on the appellant to warn the appellee of a dangerous condition. In the alternative it is urged that the facts failed to show appellant’s knowledge of the dangerous condition and that negligence, if any, of appellant was a proximate cause of appellee’s injury.
Our examination of the record convinces us that the application of the rule that upon appeal the appellee is entitled to have the record viewed in the light most favorable to the verdict and that the appellee is entitled to all reasonable inferences from the evidence requires affirmance upon the issue as to appellant’s knowledge of the dangerous condition and the issue as to appellant’s negligence being a proximate cause of appellee’s injury. Land v. Patroni, Fla.App.1968, 214 So.2d 94; Krasny v. Richter, Fla.App.1968, 211 So.2d 612.
In addition we find that the evidence is susceptible to the view that the appellant and the appellee were engaged in a joint undertaking for their own pleasure and *269 that appellant as a participant was aware of the danger involved and appellee was not, nevertheless, appellant proceeded with action which was a contributing cause to appellee’s injury. Cf. Judy v. Belk, Fla.App.1966, 181 So.2d 694; Cashell v. Hart, Fla.App.1962, 143 So.2d 559.
Affirmed.