HOBSON, Acting Chief Judge.
Appellant, Robert Boland, appeals the trial court’s final judgment based on a directed verdict entered in favor of appellee, Sun-coast Rent-A-Scooter, Inc. We reverse and remand for further proceedings.
Timothy Morrison rented from appellee, Suncoast Rent-A-Scooter, Inc., d/b/a Sun-coast Rentals (hereinafter “Suncoast”), a motorboat to be used on the inland waters of Boca Ciega Bay located in Pinellas County, Florida.
The testimony shows that at approximately 1:30 p.m. on July 29,1979, the rental boat was occupied by four individuals when it was involved in an accident with a swimmer, appellant. The evidence presented below by appellant shows that a Robert Leo Jean was at the controls of the boat at the time of the accident, not Timothy Morrison, the person to whom the boat was rented. The boat struck appellant when he surfaced from a dive off a dock belonging to a local tavern. Appellant suffered lacerations to his right forearm, was taken to a local hospital and later released.
*917 After the accident, appellant brought suit against Suncoast, Robert Leo Jean and ABC Insurance Company, alleging that the driver of the boat operated it in a negligent, careless and reckless manner, and that Sun-coast rented the boat to the parties when it knew or should have known that they were under the influence of intoxicating beverages.
At trial, appellant’s witness, Ira Stephenson, testified that he observed the accident from the shore. Stephenson stated that the occupants of the boat appeared to be “high” but he went on to say he could not tell whether they could be considered “drunk” without administering a sobriety test. Appellant also presented testimony of another witness, Leo Jean, who was an occupant of the boat. Leo Jean, the brother of the driver of the boat in the accident, testified that at the time the boat was rented, the individual renting the boat, Morrison, was “visibly drunk” and was “staggering.” At the conclusion of appellant’s case, which consisted of the testimony of Ira Stephenson, Leo Jean and appellant, appellee Sun-coast moved for and was granted a directed verdict in its favor, in spite of appellant’s argument that section 327.32, Florida Statutes (1981), is not designed to insulate from liability the owner of a vessel under a theory of negligent entrustment.
The issues on appeal are whether section 327.32 immunizes a vessel’s lessor from liability for injuries caused to a third party and whether the trial testimony created a question for the jury.
We hold that section 327.32 does not immunize a vessel’s lessor from liability for injuries to a third party and that the trial testimony did indeed create a question for the jury.
Our holding is based on the authority of Cashell v. Hart, 143 So.2d 559, 561, n. 4 (Fla. 2d DCA 1962), wherein this court stated:
Fla.Stat. § 371.52 F.S.A. [renumbered 327.32, Florida Statutes (1981)] was enacted to take effect July 1, 1959, several months after the incident here involved. This section declares, as a matter of public policy, that motorboats are dangerous instrumentalities. Although this statute purports to relieve the owner of vicarious liability unless he is present in the boat, it does not attempt to relieve him from liability for his own negligence in knowingly permitting unqualified persons to operate the boat. In any event, the substantive law of admiralty is controlling in maritime cases.
The Cashell case involved injuries suffered by a minor who was an occupant of a boat operated by the minor daughter of the defendant, Hart, who owned the vessel.
This court discussed the complaint, vis a vis, the defendant Allen Hart, and stated in its decision that the complaint alleged in essence that said defendant knew or should have known that the operator of the vessel was inexperienced and incompetent as a navigator, and notwithstanding that fact, Hart permitted her to operate the boat when she negligently caused plaintiff’s injuries. The court stated that it found no “fatal deficiency in this complaint as applied to Allen Hart.” Id. at 561. The court also stated, “nor does it clearly appear that no competent evidence could have been adduced in support of the described allegations.” Id.
In discussing the adequacy of the pleadings, the court pointed out that a vessel owner’s liability may be predicated on his negligence in entrusting his vessel to an incompetent operator and distinguished section 327.32, which at the time of the accident had not gone into effect. It distinguished the statute by holding that it did not provide a defense to an action predicated on negligent entrustment.
Although Cashell stands for the proposition that an owner is liable for negligently entrusting his vessel to an incompetent operator, the court’s discussion of the statute was obiter because the statute was not in effect at the time of the accident. However, this court’s discussion of the statute gives a reasoned insight into whether that statute would provide a valid defense to a vessel owner, where the allegations and proof are that the vessel owner negligently *918 entrusted his vessel to an incompetent operator.
We are convinced that the allegations of the instant complaint, in the light of subsequent proceedings, sufficiently posed material issues of fact which could have been resolved against Suncoast. Therefore, it was error to direct a verdict in favor of appellee prior to the submission of evidence at trial. See Cashell at 562.
REVERSED and REMANDED for further proceedings.
CAMPBELL and SCHOONOVER, JJ., concur.