# STATE OF MICHIGAN

# COURT OF APPEALS

ADRIENNE LENHOFF,

        Plaintiff-Appellant,

v

MITCHELL RECHTER,

        Defendant-Appellee.

UNPUBLISHED
May 12, 2016

No. 326500
Oakland Circuit Court
LC No. 14-138958-NO

Before: BOONSTRA, P.J., and METER and BECKERING, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's grant of summary disposition to defendant and dismissal of her case. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Plaintiff was injured when she fell while attempting to board defendant's motorboat from a dock. Plaintiff testified at her deposition that defendant had "cut" the motor such that it was not running, and then allowed the boat to drift until it butted into the dock. Defendant did not tie up the boat or otherwise secure it to the dock; in fact, he refused to do so when she asked. According to plaintiff, the boat was bobbing up and down in the water, but was not being moved by the motor. Further, defendant left the steering wheel of the boat and moved towards her, yelling at her to "jump on the boat." Plaintiff testified that defendant did not touch her or assist her in getting into the boat, and agreed that she attempted to board the boat without assistance. Plaintiff fell into the water as she was attempting to board the boat, and sustained injuries to her shoulder. Plaintiff testified that the "current and the bobbing" of the boat caused it to start moving "back away from the dock" as she stepped onto the boat deck.

Plaintiff filed suit, alleging that defendant was responsible for her injuries due to his negligence. Plaintiff alleged that defendant's failure to operate the boat safely before inviting her to board the boat, and specifically his failure to secure or stabilize the boat before inviting her to board the boat, breached both his common law duty of care and his statutory duty to plaintiff under the natural resources and environmental protection act, MCL 324.80101, et seq. As to the latter, plaintiff invokes the duty to operate a vessel in a careful and prudent manner, MCL 324.80145, and the prohibition against careless and reckless operation of a vessel without

-1-

due caution and circumspection, MCL 324.80147, and contends that defendant's violation of those provisions proximately caused plaintiff's injuries.

Defendant moved for summary disposition, arguing that, under *Stern v Franklin*, 290 Mich 467, 471; 287 NW2d 880 (1939), there is no common law duty to secure a boat prior to inviting passengers to embark or disembark. Defendant further argued that he had not assumed any responsibility for plaintiff's safety, as it was clear that he did not attempt to assist her into the boat. Defendant also argued that he had no statutory duty, because the cited statutes only apply to a person operating a vessel that is "under way," and that the boat in this case was not "under way" because its motor was off and it was not moving forward under the power of an engine. Plaintiff responded, alleging that while *Stern* may support the proposition that there is no general common law duty to secure a boat prior to boarding, in this case defendant had undertaken a common law duty to plaintiff by assisting her in boarding and increasing her risk of harm. Further, plaintiff argued that defendant's boat, being unsecured, was "under way" within the meaning of the statutes.

Following a hearing on defendant's motion, the trial court issued a written opinion and order granting summary disposition to defendant pursuant to MCR 2.116(C)(8) and MCR 2.116(C)(10), stating in relevant part that "Plaintiff has failed to show either a common law or a statutory duty owed by defendant." This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition. *Moser v Detroit*, 284 Mich App 536, 538; 772 NW2d 823 (2009). Although the trial court indicated that it granted defendant's motion under both MCR 2.116(C)(8) and (10), resolution of defendant's entitlement to summary disposition depended in a large part on information contained in documents outside the pleadings, such as deposition testimony. We therefore review the grant of summary disposition as being pursuant to MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012).

Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A court must construe the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Liparoto Constr, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009).

We review issues of statutory interpretation de novo. See *Koontz v Ameritech Services, Inc*, 466 Mich 304, 309; 645 NW2d 34 (2002).

## III. COMMON-LAW DUTY OF CARE

Plaintiff first argues that the trial court erred in finding that defendant owed no common-law duty of care to secure the boat before she boarded, or in the alternative that defendant

undertook responsibility for her boarding and therefore owed her a duty to avoid increasing the risk of harm to her. We disagree in both respects.

"The requisite elements of a negligence cause of action are that the defendant owed a legal duty to the plaintiff, that the defendant breached or violated the legal duty, that the plaintiff suffered damages, and that the breach was a proximate cause of the damages suffered." *Schultz v Consumers Power Co*, 443 Mich 445, 449; 506 NW2d 175 (1993). Regarding duty, the question is whether a defendant has a legal obligation to act or not act in a certain way for the benefit of the particular plaintiff. *Id*. at 449, 450.

In *Stern*, 290 Mich at 469 our Supreme Court rejected the plaintiff's claim that the defendant had breached his common-law duty of care to the plaintiff by failing to securely fasten the boat to the dock "in such a manner that a passenger on leaving or attempting to climb from said boat could do so without danger and risk that said boat would suddenly pull and drift away from" the boat landing. The Court stated:

> [S]urely it is a matter of common knowledge that there is an element of danger and extra caution is required in passing from an ordinary type of motor boat onto a dock or landing platform. It is not negligence to invite guest passengers to leave such a boat without first making it fast with ropes or otherwise. Instead such precautions are not usually taken. [*Id*. at 471.]

The Court further noted that the defendant had given the plaintiff "no assurance . . . that the boat was so securely fastened it could not move or swing somewhat from the landing platform." *Id*.

Plaintiff urges this Court to find that *Stern* was wrongly decided and decline to follow it under the principle of stare decisis. We are not free to do so, regardless of *Stern*'s age or dearth of citing references. Only the Supreme Court may overrule one of its decisions; until it does so, lower courts are bound to it regardless of their belief in the soundness of its reasoning or its age. See *Paige v City of Sterling Hts*, 476 Mich 495, 524; 720 NW 219 (2006). Nor do we find *Stern* materially distinguishable as involving a passenger *disembarking* from a boat rather than, as here, *boarding* one. In both situations, the knowledge that "an element of danger and extra caution is required" is implicated. We therefore conclude pursuant to *Stern* that there is no general common-law duty to secure a boat before passengers board it.

Further, the record is clear that defendant did not actually undertake to assist plaintiff in boarding the boat. The common law does "impose an obligation upon everyone who attempts to do anything, even gratuitously, for another, to exercise some degree of care and skill in the performance of what he has undertaken, for nonperformance of which duty an action lies." *Lindsley v Burke*, 189 Mich App 700, 704; 474 NW2d 158 (1991). However, plaintiff's own deposition testimony indicates that defendant did not attempt to aid her in boarding the boat; rather, he merely yelled rude remarks to her and berated her. Plaintiff in fact admitted that she attempted to board the boat without any assistance from defendant. Further, although defendant at one point called upon her to "jump" into the boat, she did not follow this suggestion, if in fact it was a serious one. It is thus clear from the record that defendant did not attempt to aid plaintiff in boarding the boat, nor did he provide any "assurance . . . that the boat was so securely fastened it could not move or swing somewhat from the landing platform." *Stern*, 290 Mich at 471.

Finally, with regard to plaintiff's claim that defendant somehow assumed responsibility for plaintiff's safety while boarding, merely by pulling up to the dock and failing to secure the boat, we agree with defendant that this argument amounts to merely another argument that *Stern* was wrongly decided. The instant case is thus distinguishable from cases cited by appellant, such as *Sweet v Ringelski*, 362 Mich 138, 144; 106 NW2d 742 (1961), where our Supreme Court held that a question of fact existed regarding whether a driver who waved to a 10-year-old pedestrian to cross in front of him merely was indicating that he would not move his own vehicle until she crossed, or in fact was providing an "assurance of safety with regard to other vehicles."

We therefore hold that no genuine question of material fact existed regarding the absence of a common-law duty on behalf of defendant regarding plaintiff's boarding of the boat.

## IV. STATUTORY DUTY

Plaintiff also argues that the trial court erred in holding that defendant had no statutory duty to plaintiff under MCL 324.80145 and MCL 324.80147.[1] We disagree.

MCL 324.80145 provides in relevant part that "[a] person operating or propelling a vessel upon the waters of this state shall operate it in a careful and prudent manner and at such a rate of speed so as not to endanger unreasonably the life or property of any person." MCL 324.80147(1) provides that

> If a person carelessly and heedlessly operates a vessel upon the waters of this state in disregard of the rights or safety of others, without due caution and circumspection, or at a rate of speed or in a manner that endangers or is likely to endanger a person or property, that person is guilty of reckless operation of a vessel.

The crux of the dispute between the parties involves the definition of "operate." MCL 324.80103(g) defines "operate" for these statutory sections as "to be in control of a vessel while the vessel is under way and is not secured in some manner such as being docked or at anchor." Defendant does not contest whether he was in control of the boat or whether the boat was unsecured. Therefore, the question becomes whether the boat was "under way" at the time of plaintiff's accident.

Although both parties urge this Court to interpret the phrase "under way" as a matter of first impression, we find it unnecessary to do so in light of our Supreme Court's order in *Binno v Binno*, 489 Mich 876; 796 NW2d 49 (2011). In *Binno*, our Supreme Court reversed in part this Court's decision in *Binno v Binno*, unpublished opinion per curiam of the Court of Appeals, issued June 15, 2010 (Docket No. 291437), where the panel engaged in the very dictionary-based analysis urged by the parties in this case. The panel concluded that the use of the phrase "under way" in MCL 324.80103(g) encompassed a boat that was "in motion or moving" without being

---

[1] A violation of these statutes, while not necessarily dispositive, would provide evidence of negligence. See *Gould v Atwell*, 205 Mich App 154, 160; 517 NW2d 283 (1994).

actively propelled by an engine or other device, and not anchored or docked. *Binno*, unpub op at 3. The panel disagreed with the trial court's holding that "under way" simply meant that the boat was " 'actively progressing' with the engine running," and determined "for that reason" that the trial court had erred in concluding that there was no statutory duty. *Id*.

Our Supreme Court reversed in part, and held that two of the defendants were not "operating" their pontoon boat and did not owe the plaintiff's decedent a statutory duty of care "as the trial court correctly concluded[.]" The pontoon boat in *Binno* was unanchored but was not being moved by its motor (which was off) or any other device at the time of the plaintiff's decedent's death. *Binno*, unpub op at 2, 3. Our Supreme Court's partial reversal of this Court's decision in *Binno* indicates that, at a minimum, a vessel is not "under way" within the meaning of MCL 324.80103(g) when, while unanchored and unsecured but with its engine off, it is only being moved by the motion of the water in which it rests. Contrary to plaintiff's contention, such an interpretation does not render the phrase "or propelling" in MCL 324.80145 surplusage. The parties did not argue that defendant was "propelling" the boat when plaintiff's accident occurred, and thus we need not define that statutory term. However, we note that the requirement that a vessel be "under way" is only one of the requirements for a determination that a person is "operating" that vessel. Our interpretation thus does not render the words "operating" and "propelling" identical as used in MCL 324.80145, and does not foreclose an interpretation of MCL 324.80145 that gives effect to every word. See *Miller v Allstate*, 275 Mich App 649, 652; 739 NW2d 675 (2007).[2]

In this case, plaintiff's own testimony indicates that the boat's engine was off and the boat was only moving from the motion of the water in which it rested. Plaintiff in fact stated that the motion of the water caused the boat to move away from the dock as she attempted to board, and admitted that after the boat butted against the dock it was not being moved by the power of its motor. Therefore, as in *Binno*, we conclude that defendant was not "operating" the boat at the time of plaintiff's fall, and that the trial court did not err in concluding that defendant owed plaintiff no duty under MCL 324.80145 or MCL 324.80147. Having determined as a matter of law that plaintiff failed to demonstrate the existence of a duty, the trial court correctly granted summary disposition to defendant. *Schultz*, 443 Mich at 449.

Affirmed. As the prevailing party, defendant may tax costs. MCR 7.219(A).

/s/ Mark T. Boonstra
/s/ Patrick M. Meter
/s/ Jane M. Beckering

---

[2] For example, our Supreme Court in *Binno* did not, to our understanding, hold that a vessel may not be "under way" when, despite having its engine off, it is moving forward under the power of its engine, i.e., "coasting." And we do not decide that issue here in light of plaintiff's admission that the boat was not moving by the power of its engine at the time she attempted to board it.